The prisoner James had been convicted of forgery and committed to the state prison. He had been pardoned by the executive, upon condition of leaving the United State:* within forty days. Being found in the city of Hew York after the expiration of the time limited for his departure from this country, he was taken up and committed to the county prison. The District Attorney obtained a rule against him, ordering him to show cause(a) why he should not be remanded under his former sentence. The prisoner being brought up and put to the bar, the record of his former conviction was produced, and his identity ascertained by his own confession.(b) It appearing, however, that he had been insane part of the time since he had been par *57 doned, tbe whole time in ill health, and in very indigent circumstances; that he had also been in confinement several weeks for breaking the condition of his pardon, the court was pleased to order that he should be discharged, and that he should have forty days from thence, to comply with the condition of his pardon.(a)

 The game practice in The King v. Patrick Madam, 1 Leach’s Cas. 263.

 See vol. 1, p. 12, M'Neil’s case, the necessity of producing the reoord of a former conviction.

 Otherwise a venire would have been ordered instantly to try the fact, Ratdiffe's Case, Poster’s Crown Law, 41.