THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES BURNS, Appellant.

*Power of pardon — conditional commutation of sentence — procedure upon the violation of the condition thereof.*

The discretion given to the Governor of the State by the Constitution in exercising the power of pardon, is very wide in respect to the conditions which may be attached to pardons and commutations of sentences, no distinction being made between the two forms of executive clemency, and it is within the power of the Governor to grant a commutation upon the express condition that the person whose sentence is commuted shall abstain from the use of intoxicating liquors for five years from the date thereof, and in case such condition shall not be complied with that the prisoner shall be compelled to serve in the State prison the portion of his term then unserved, and the violation by the prisoner of such condition deprives the commutation of all force and effect, and restores to the original sentence the same force and effect as if the commutation had not been granted.

A person was seized by the warden of a prison upon a charge of the alleged violation of the condition of the commutation of his sentence, and consigned to imprisonment under his original sentence. Thereafter, a writ of habeas corpus was sued out in his behalf, and upon the return thereof his objections to the commitment were in fact sustained on the ground that it was not competent for the warden to seize and recommit him without a hearing on the question of the violation of the condition of his commutation, and the defendant was discharged from the custody of the warden, but an order was then made requiring him to show cause forthwith why he should not be remanded to the State prison under his original sentence for the violation of the condition of his commutation, and that, in the meantime, he be delivered to the sheriff and held by him until so remanded to prison or discharged according to law. The inquiry under such order to show cause was postponed, and upon the adjourned day the prisoner appeared in person and by counsel, a jury was impaneled, evidence taken on the part of the People and of the prisoner, the question of fact tried and submitted to the jury, and a verdict rendered by it in pursuance of which the

prisoner was recommitted to the custody of the warden of the State prison
under the original sentence imposed upon him.

*Held,* that the defendant had nothing to complain of under such course of pro-
cedure, which was justified by precedent.

APPEAL by the defendant, James Burns, from the judgment,
order and refusal of the Supreme Court to discharge him from
imprisonment on the return of a writ of habeas corpus, and also
from an order entered in the office of the clerk of the county of
Cayuga on the 1st day of November, 1893, refusing to grant the
defendant a writ of certiorari, and also from the decision of the court
that it had jurisdiction to try the defendant upon the return of a
writ of habeas corpus for the alleged violation of the condition of
the commutation of his sentence, and also from the judgment and
verdict upon such trial, entered in said clerk's office on the 2d day
of November, 1893, and also from the decision of the court direct-
ing the confinement of the defendant until his trial.

*J. H. Keefe,* for the appellant.

*G. W. Nellis, District Attorney,* for the respondent.

DWIGHT, P. J. :

The order appealed from remanded the defendant to the custody
of the warden of the State prison at Auburn on the ground that he
had violated the condition of the pardon by virtue of which he had
previously been released from such custody.

On the 18th day of May, 1889, the defendant was convicted in
the Herkimer Sessions of the crime of robbery in the first degree
and sentenced to imprisonment at hard labor in the Auburn State
prison for the term of thirteen years.

On the 10th of January, 1893, the Governor granted a commuta-
tion of the punishment, thus imposed, to a like imprisonment for the
term of three years, seven months and twenty-two days from May
20, 1889, to terminate January 11, 1893, on which day the defend-
ant was accordingly released from his imprisonment.

The commutation thus granted was upon the express condition,
among others, "that the said Burns shall totally abstain from the
use of intoxicating liquors for five years from the date hereof, and,
if he violate such condition, he shall be compelled to serve in the

State prison at Auburn the portion of said term now remaining unserved without commutation for good behavior."

On the 6th day of June, 1893, the defendant was arrested in Rochester, on a charge of robbery, in a saloon, where, according to his own account of himself to the police magistrate, and other evidence, he had been drinking for some time with a party of persons whom he had invited there for that purpose, one of whom complained of being robbed of his watch by the defendant. Upon these facts being made known to the district attorney at Rochester, he reported the case to the warden of the State prison at Auburn, and the latter dispatched an officer to Rochester, who, under his instructions, brought the defendant back to Auburn, and delivered him to the custody of the warden, who received and consigned him to imprisonment under his original sentence, as having forfeited his commutation by violating the condition upon which it was granted.

On the thirtieth day of October the defendant sued out a writ of habeas corpus, which was allowed by Justice RUMSEY, and made returnable before him the next day at an adjourned term of the Court of Oyer and Terminer for Cayuga county. The defendant was produced, accordingly, by the warden of the State prison, who made return of, substantially, the facts above stated. The defendant traversed the return only in respect to the alleged violation of the condition of his commutation, but objected to it for insufficiency on many grounds. The court, in effect, sustained the objection that it was not competent for the warden to seize and recommit the defendant without a hearing on the question of his violation of the condition of his commutation, and accordingly discharged the defendant from the present custody of the warden, but made an order requiring him to show cause, forthwith, before the same court, why he should not be remanded to the State prison under his original sentence, for violation of his conditional pardon, and that in the meantime he be delivered to the sheriff of Cayuga county, and be held by him until so remanded to prison, or discharged according to law. The inquiry under the order to show cause was postponed until the second day of November. On that day the defendant appeared in person, and by counsel, a jury was duly impaneled, evidence was duly taken on the part of the People and of the defendant, the question of fact was tried, and, after argument of

counsel, was specifically submitted to the jury by the court. The jury returned a verdict to the effect that the defendant had violated the above-mentioned condition of his conditional pardon or commutation, and the court thereupon made an order recommitting the defendant to the custody of the warden of the State prison under the sentence originally imposed upon him.

We find no error in the mode of procedure adopted in this case nor in the final order here appealed from.

The Constitution of the State contains the following provision: "The Governor shall have the power to grant reprieves, commutations and pardons after conviction, for all offenses except treason and cases of impeachment, upon such conditions and with such restrictions and limitations as he may think proper."

The discretion here given to the executive is very wide in respect to the conditions which may be attached to pardons and commutations of sentence, no distinction being made between the two forms of executive clemency, and we cannot doubt that the condition imposed in this case was within that discretion. Such being the case, the violation of that condition deprived the commutation of all force and effect and restored to the original sentence the same force and effect as if the commutation had not been granted.

The statutes of the State provide, specifically, no mode of procedure for enforcing the liability to recommitment incurred by a violation of the condition of a pardon or commutation, but the mode adopted in this case had the authority of precedent (*People* v. *James*, 2 Caines, 57; *People* v. *Potter*, 1 Park. Cr. Rep. 47), and it seems to have been one of which the defendant could not complain. He was before the court on a writ of habeas corpus granted on his own application, and he thereby submitted to the court the whole question of his right to a discharge or his liability to a recommitment. The fact of his original sentence and commitment, and the condition attached to the commutation of that sentence, were duly proved and not denied. No question of identity was raised. The only question of fact was of the violation of the condition mentioned. In determining that question the court, though possibly not required to do so, might at least with great propriety take the verdict of a jury drawn, as was done, from the panel of jurors summoned and in attendance at the term; and his commitment pending

such trial to the custody of the sheriff of the county was strictly in accordance with the statute which prescribes the proceedings on habeas corpus. (Code Civ. Proc. § 2037.)

The question whether it was competent for the Governor to prescribe, by the defendant's commutation, that his imprisonment under a recommitment for a violation of the condition in question, should be without commutation for good behavior, was not, in any manner, prejudged in this proceeding, but remains to be determined whenever it shall appear that he is otherwise entitled to such commutation.

The order appealed from should be affirmed.

Lewis, Haight and Bradley, JJ., concurred.

So ordered, without costs of this appeal to either party.