## SUPREME COURT — APPELLATE DIVISION — THIRD DEPARTMENT.

### June 27, 1924.

## THE PEOPLE EX REL. BRACKETT v. HARRY M. KAISER, WARDEN, ETC.

### (209 App. Div. 722.)

(1) COMMUTATION OF SENTENCE—COMMUTATION GRANTED RELATOR ON CONDITION THAT IF RELATOR WAS CONVICTED OF FELONY COMMITTED BETWEEN DATE OF DISCHARGE AND DATE OF EXPIRATION OF FULL TERM HE WOULD SERVE PORTION OF TERM COMMITTED REMAINING UNSERVED.

Commutation by the Governor of an indeterminate sentence of not less than four years and six months nor more than ten years and six months, which lessens the minimum term but does not change the maximum, operates upon the entire sentence and not upon the minimum term.

(2) SAME—GOVERNOR HAS POWER TO GRANT SUCH PARDON UNDER SECTION 5 OF ARTICLE 4 OF THE CONSTITUTION.

The Governor had the power under section 5 of article 4 of the State Constitution to impose as a condition to the granting of the commutation, that if the relator should be convicted of a felony committed during the period between the date of his discharge by reason of the commutation and the date of the expiration of the full term commuted, he would be required to serve the term commuted then remaining unserved without deduction or commutation for good behavior.

(3) SAME—RELATOR WAS CONVICTED OF FELONY AFTER RECEIVING FULL DISCHARGE BY BOARD OF PAROLE BUT BEFORE EXPIRATION OF MAXIMUM TERM —SENTENCE IS ENTITY AND COMMUTATION APPLIES TO ENTIRE SENTENCE AND NOT TO MINIMUM SENTENCE.

The relator having violated the condition of the commutation by committing a felony for which he was convicted before the expiration of the maximum term, will be required to serve the length of time represented by the difference between the time served when he was discharged on the commutation and the maximum term specified in the sentence, notwithstanding that prior to his subsequent conviction he was given a full discharge by the Board of Parole.

(4) SAME—QUESTION OF RELATOR'S RIGHTS PROPERLY DETERMINED IN HABEAS
   CORPUS—RELATOR NOT REQUIRED TO BE TRIED AND COMMITTED FOR BREACH
   OF COMMUTATION UNDER CODE OF CRIMINAL PROCEDURE, §§ 696, 698.

   It was proper in a habeas corpus proceeding by the relator to contest
the validity of his detention by the warden of the prison to determine
that the relator was required to serve the remainder of his sentence,
since there was no question of fact raised as to the violation of the
condition of the commutation, and it was not necessary, under the
circumstances, to try the relator and commit him for a breach of his
commutation under sections 696-698 of the Code of Criminal Procedure.

APPEAL by the relator, James E. Brackett, from an order of
the County Court of Clinton county, entered in the office of the
clerk of said county on the 13th day of May, 1924, dismissing
a writ of habeas corpus and remanding the relator to the custody
of the respondent.

On March 20, 1914, the relator, James E. Brackett, began
the service in state prison of an indeterminate sentence of not
less than four years and six months nor more than ten years
and six months for the crime of robbery in the second degree.
On April 20, 1917, the Governor granted the relator a con-
ditional commutation of said sentence, the material portion
whereof reads as follows:  " Therefore Know Ye, That by
these Presents we do hereby commute the said punishment to
imprisonment in the Sing Sing Prison for the term of 3 yr.
1 mo. 24 days, min. 10 yr. 6 mos. max. without compensation
from March 20, 1914, and will terminate   *   *   *   This
commutation is granted upon the express condition that if the
said James E. Brackett shall be hereafter convicted of any
felony committed during the period between the date of his
discharge by reason hereof and the date of the expiration of
the full term hereby commuted, he shall be deemed an escaped
convict with respect to the said commuted term, and in addi-
tion to the penalty which may be imposed for the felony com-
mitted during the interval aforesaid he shall be compelled to
serve in the prison or penitentiary in which he may be con-
fined for such felony, or if not confined therefor in any prison

or penitentiary, then in the Sing Sing Prison the portion of the term hereby commuted now remaining unserved without deduction or commutation for good behavior." Pursuant to said commutation and on May 24, 1917, the relator was released on parole by the Board of Parole. He remained on parole until January 28, 1919, when he was absolutely discharged by said Board under the provisions of section 218 of the Prison Law.

On July 7, 1919, the relator was again received at prison under a definite sentence of three years and seven months on his plea of guilty to a charge of burglary in the third degree. This last sentence has expired but the prison warden detains the relator under the provisions of the conditional commutation of the first sentence as granted by the Governor.

*Wallace E. Pierce,* for the appellant.

*Carl Sherman, Attorney-General (William J. Cahill, Deputy Attorney-General,* of counsel), for the respondent.

COCHRANE, P. J.:

The power of the Governor to grant commutations " upon such conditions and with such restrictions and limitations, as he may think proper " is given by the Constitution. (State Const. art. 4, § 5.) Nothing is better settled than that such power also exists at common law and that conditions of any nature may be attached to the exercise of such power provided only such conditions are not illegal, immoral or impossible of performance. (7 Bacon Abr. 412; 4 Black. Comm. 401; Ex parte Wells, 18 How. [U. S.] 307; People v. Potter, 1 Park. Cr. Rep. 47.) In Fuller v. State of Alabama (45 L. R. A. 502), it was said on the authority of cases there cited: " It is the settled law that this grant includes power to grant conditional pardons, the condition to be either precedent or subsequent, and of any nature, so long as it is not illegal, immoral,

or impossible of performance, and that a breach of the condition avoids and annuls the pardon."

Part of the difficulty in this case involves a construction of the language used in the condition attached to the commutation. Confusion arises by the use of words appropriate to the case of a definite sentence but inappropriate to the case of an indeterminate sentence.

It is contended that as the second crime was not committed until after the relator had been absolutely discharged under section 218 of the Prison Law by the Board of Parole the condition of the commutation was thereafter without force or effect. It seems clear that it was intended to extend such condition to the time fixed as the maximum limit of the sentence irrespective of whether or not the relator might previously be discharged by the Board of Parole. The condition by its terms specifies " any felony committed during the period between the date of his discharge by reason hereof and the date of the expiration of the full term hereby commuted." " The full term " evidently means the maximum limit of the sentence as originally imposed. It is true that the Governor did not in this instance change the maximum limit. He merely reduced the minimum limit. But there were not two sentences. There was one sentence with a minimum and maximum limitation (see Penal Law, § 2189) within which limitations the sentence might be terminated by the Board of Parole and it was this entire sentence with its limitations and possibilities which was commuted and not the minimum part alone. The sentence was an entirety and the commutation thereof with its condition attached to the entire sentence and not to a part thereof. We cannot well give effect to the words " full term " by any other process of reasoning. Such being the meaning of the condition we are brought to a consideration of its effect after the defendant was absolutely discharged by the Board of Parole. That action of the Board terminated the sentence as effectually as if it had been a definite sentence which by its terms expired.

at that time. Such I consider to have been the effect of that discharge. The question as to the effect of a provision in a pardon or commutation that if a condition thereof be broken after the termination of the sentence the defendant shall serve the uncompleted portion of the sentence has been the subject of judicial discussion in different states of the Union. I do not find that it has been considered in this State. In the case of Matter of Whalen (19 N. Y. Supp. 915) the breach occurred before the expiration of the sentence by its original terms. The authorities are not harmonious. In Ex parte Prout (12 Ida. 494, 5 L. R. A. [N. S.] 1064) the Supreme Court of Idaho by a divided court held under a constitutional provision similar in this respect to the one in our state that such a provision does not survive the expiration of the first sentence. In a note to that case as there reported reference is made to other decisions bearing on the question. In that case, however, it should be observed that the sentence was definite and the court without good reason as it seems to me intimates a distinction between definite indeterminate sentences as bearing on the question under consideration. But in the subsequent cases of State of Florida v. Horne (52 Fla. 125, 7 L. R. A. [N. S.] 719) and Matter of Kelly (155 Cal. 39, 20 L. R. A. [N. S.] 337) the Supreme Courts of Florida and California held that on a breach of the condition the defendant might be required to serve the uncompleted portion of his sentence although such breach did not occur until after the expiration of such sentence by it terms. In the Florida case it was said by the court: " The provisions of the pardon are, in effect, that if, at any time during his life, the defendant in error shall fail to observe its conditions, the pardon shall be null and void, and he shall be arrested to serve out the remainder of his sentence of imprisonment that he has not already actually suffered. The violation at any time of the conditions of the pardon renders it by its terms null and void, and the status of the defendant in error is as though he had never received the conditional

pardon. If, when the conditions of the pardon are violated, a portion of the quantum of imprisonment fixed by the sentence has not been suffered or served, the party should be returned to serve the remainder of his time of imprisonment, as stipulated in the terms of the pardon." The doctrine as thus declared by the cases last cited seems to me more consonant with the broad power vested in the Governor to extend his clemency on such terms and conditions as he deems proper. The condition in this case only required the defendant to refrain from the commission of a felony not even during his life but only until the date of the maximum limit of his sentence. Certainly that condition was not illegal; it was not immoral; it was not incapable of performance.

Again the relator contends that under the terms of the condition he is only required to serve the portion of the minimum of the original sentence which he did not serve by reason of the commutation and his release on parole thereunder. That time was one year, four months and six days, which added to the second sentence of three years and seven months, and making a deduction of thirty-one days jail time would have entitled the relator to his discharge when this proceeding was instituted. The condition required that in case of its breach by the relator " he shall be compelled to serve in the prison or penitentiary * * * the portion of the term hereby commuted now remaining unserved." I have heretofore indicated that the sentence is an entirety and that the commutation appertains to the entire sentence and not to the minimum portion thereof. The expression " the portion of the term hereby commuted " does not, therefore, relate only to the minimum limit of the sentence.

The relator now complains because he was not tried and committed for a breach of his commutation condition under sections 696, 697 and 698 of the Code of Criminal Procedure. Prior to 1894 there was no statute indicating the practice in such a case. But it was the custom and it was considered the

better practice to have a defendant adjudged to have violated the condition of his pardon or commutation by a court of competent jurisdiction and committed therefor. (People v. Potter, 1 Park. Cr. Rep. 47, 62.) In People v. Burns (77 Hun, 92) a defendant held in custody by the warden of Auburn Prison because he had violated the condition of his pardon sought his release by a habeas corpus proceeding. It is stated in the opinion: " The court, in effect, sustained the objection that it was not competent for the warden to seize and recommit the defendant without a hearing on the question of his violation of the condition of his commutation, and accordingly discharged the defendant from the present custody of the warden, but made an order requiring him to show cause, forthwith, before the same court, why he should not be remanded to the State prison under his original sentence, for violation of his conditional pardon, and that in the meantime he be delivered to the sheriff of Cayuga county, and be held by him until so remanded to prison, or discharged according to law." An inquiry was accordingly had and a question of fact existing as to whether the condition had been broken that question was submitted to a jury and the jury having found that the condition had been broken the court made an order recommitting the defendant to the custody of the prison warden under the sentence originally imposed. The court further said: " We find no error in the mode of procedure adopted in this case nor in the final order here appealed from. * * * The statutes of the State provide, specifically, no mode of procedure for enforcing the liability to recommitment incurred by a violation of the condition of a pardon or commutation, but the mode adopted in this case had the authority of precedent (People v. James, 2 Caines, 57; People v. Potter, 1 Park. Cr. Rep. 47), and it seems to have been one of which the defendant could not complain. He was before the court on a writ of habeas corpus granted on his own application, and he thereby submitted to the court the whole

question of his right to a discharge or his liablity to a recomit-ment." That case was affirmed on the opinion below in 143 New York, 665. Although that case was decided before the enactment of the above-mentioned sections of the Code of Criminal Procedure it seems to me that it is applicable in this particular case. Of course if any question of fact were involved it would be necessary to comply with the practice established by the Code and doubtless it is the better practice in all cases for the warden to relieve himself from the responsibility of detaining a prisoner who has broken the condition of his pardon or commutation. But as stated in the opinion above cited the relator was before the County Court " on a writ of habeas corpus granted on his own application, and he thereby submitted to the court the whole question of his right to a discharge or his liability to a recommitment." There is no question of fact involved. All the facts appear from his own petition. He alleges his dscharge from imprisonment by virtue of the conditional commutation, his breach of that condition, and his identity. It would be an idle ceremony now to discharge him. The practical result would be that he would be merely transferred from the custody of the warden to the custody of the sheriff of the same county where he now is, only to be recommitted again to the custody of the warden after the formality of a judgment and commitment which on the admitted facts he could not successfully resist. The law considers the substance rather than the form. It does not require the performance of useless acts. The county judge who on the defendant's application allowed this writ of habeas corpus and after a hearing thereon dismissed the same had jurisdiction to grant the judgment and recommit the defendant under said Code provisions, and if the defendant on the hearing of the writ had raised this point the county judge could without any reason have rendered the judgment and made the commitment as the relator now claims should have been done. Such in substance would be the inevitable consequence

should we now reverse on this ground the order from which this appeal has been taken. The futility of such procedure seems apparent.

The order should be affirmed.

Order unanimously affirmed.