In the Matter of the Application of DONALD HAMMOND, Respondent, for a Peremptory Mandamus Order against JAMES L. LONG, Superintendent of Prisons, and Others, Constituting the Board of Parole for State Prisons, Appellants.

Second Department, January 16, 1925.

**Pardons and commutations — commutation by Governor upon condition that on subsequent conviction of felony, before expiration of full term, prisoner would be required to serve portion unserved without reduction — prisoner was subsequently convicted of felony, in Federal court, before expiration of full term, and after service of sentence therefor was returned to Sing Sing Prison — Board of Parole has no jurisdiction under Prison Law, §§ 214 and 217, to consider application for parole — prisoner must be held for unexpired maximum of sentence.**

The Board of Parole has no jurisdiction, under sections 214 and 217 of the Prison Law, to consider an application for parole by a prisoner confined in Sing Sing Prison, as a parole violator, where it appears that his present confinement was brought about by the violation of conditional commutation granted by the Governor, by the terms of which the indeterminate sentence of the applicant was commuted on condition that, if at any time before the expiration of his full term he should be convicted of a felony, he would be compelled to serve the portion of the term commuted then remaining and unserved without deduction or commutation for good behavior, and that before the expiration of his full term he was convicted in the Federal court of a felony and sent to Atlanta Prison, and after he served that sentence was returned to Sing Sing Prison.

Under the circumstances the prisoner must be held for a period equal to the unexpired maximum of the term of his sentence, without commutation.

APPEAL by the defendants, James L. Long and others, constituting the Board of Parole for State Prisons, from a peremptory mandamus order of the Supreme Court, made at the Rockland Special Term and entered in the office of the clerk of the county of Westchester on the 14th day of October, 1924, directing the defendants to entertain plaintiff's application for parole and make return of their obedience to said order.

The respondent, on January 2, 1920, commenced the service of an indeterminate sentence in State prison, of not less than three years and six months nor more than seven years, for the crime of forgery, third degree. The Governor on October 18, 1921, commuted the sentence to " 1 year 9 months 24 days Min. 7 years Max.," upon the following condition: " This commutation is granted upon the express condition that if the said Donald Hammond shall hereafter be convicted of any felony committed during the period between the date of his discharge by reason hereof and the date of the expiration of the full term hereby com-

muted, he shall be deemed an escaped convict with respect to the said commuted term, and in addition to the penalty which may be imposed for the felony committed during the interval aforesaid he shall be compelled to serve in the prison or penitentiary in which he may be confined for such felony, or if not confined therefor in any prison or penitentiary, then in the Sing Sing State Prison the portion of the term hereby commuted now remaining unserved without deduction or commutation for good behavior." Pursuant thereto respondent was released on parole on October 27, 1921. He was thereafter convicted, while on parole, in the United States District Court for the Southern District of New York for the crime of using the mails to defraud and was sentenced to be confined in the Atlanta Penitentiary one year and one day. He served this term of imprisonment, and on December 15, 1923, was returned to Sing Sing Prison as a parole violator. He appeared before the Board of Parole on December 18, 1923, who decided they were without jurisdiction to grant further parole because of the violation of the condition attached to the Governor's commutation, and he was held for his maximum term, less compensation. Respondent thereupon brought this proceeding for a peremptory order of mandamus to require the Board to consider his application for parole, his application has been granted by the Special Term, and from the order entered thereon the Board of Parole appeals.

*Edward G. Griffin*, Deputy Attorney-General [*Carl Sherman*, Attorney-General, with him on the brief], for the appellants.

*Henry C. Henderson*, for the respondent.

RICH, J.:

Respondent claims that under the terms of the condition attached to the commutation, he is only required to serve that portion of the minimum of the original sentence which he did not serve by reason of the commutation and his release on parole thereunder, and that the Board of Parole had authority to consider his application, even though he had violated the condition (Prison Law, §§ 214, 217, as amd. by Laws of 1922, chap. 297, and Laws of 1919, chap. 198), while appellants take the position that it was the intention of the Governor to extend the condition to the time fixed as the maximum limit of the sentence, and that to parole respondent under the circumstances would be an unwarranted interference with the power of the Governor to grant commutations upon such conditions and with such restrictions and limitations as he may think proper. (Const. art. 4, § 5.)

The terms of the condition relate to " any felony committed during the period between the date of his discharge by reason

hereof and the date of the expiration of the full term hereby commuted." As said by the court, construing a similar condition, in *People ex rel. Brackett* v. *Kaiser* (209 App. Div. 722, 725): "There was one sentence with a minimum and maximum limitation (See Penal Law, § 2189) within which limitations the sentence might be terminated by the Board of Parole and it was this entire sentence with its limitations and possibilities which was commuted and not the minimum part alone. The sentence was an entirety and the commutation thereof with its condition attached to the entire sentence and not to a part thereof. We cannot well give effect to the words ' full term ' by any other process of reasoning." This being the purport of the condition, we are brought to a consideration of the question as to whether, notwithstanding its violation, the Board still has authority to parole plaintiff, who urges that the purpose of the provisions of the Prison Law relating to parole is to permit a first offender to serve the maximum term of his sentence outside of the prison walls, but if he violates the condition of his parole, he is returned to prison to serve his max'mum term " unless sooner released on parole or absolutely discharged " by the Board of Parole. (Prison Law, § 217.) While such may be the purpose of the law, the section does seem to indicate that a prisoner once paroled by the Board under the provisions of section 214, and thereafter returned for violation of his parole, may, in the discretion of the Board, be granted further parole, while held for a period equal to the unexpired maximum term of his sentence. This provision, however, has no application to a case where the prisoner has been paroled pursuant to a commutation granted by the Governor upon conditions which, if violated, subject the offender to the imposition of penalties prescribed in the commutation, and I am of the opinion that the Board is, under the circumstances, without authority to interfere with the power of the Governor to grant commutations upon such conditions as he may think proper, and that plaintiff must be held for a period equal to the unexpired maximum of the term of his sentence, without commutation.

The order should, therefore, be reversed on the law and the facts, and the motion denied.

KELLY, P. J., JAYCOX, MANNING and KELBY, JJ., concur.

Order reversed on the law and the facts, and motion denied.