THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENNY SABATINO, Appellant, *v.* EDGAR S. JENNINGS, as Agent and Warden of Auburn Prison, Respondent.

Fourth Department, June 28, 1927.

Habeas corpus — effect of granting writ — relator was ordered discharged from prison — subsequently Governor directed conditional discharge and relator signed parole agreement — act of Governor cannot overcome granting of writ — relator is entitled to absolute discharge — although matter has heretofore been before court, said adjudications are no answer to this writ.

A final order in habeas corpus, discharging the relator from Great Meadow Prison, was granted in 1924. Three days thereafter the Governor directed the conditional discharge of the relator, and in May, 1924, upon the relator's signing the usual parole agreement he received a conditional discharge under the Governor's warrant but was not absolutely discharged, as ordered by the court in March, 1924. The relator is entitled to his absolute discharge, notwithstanding his signing the parole agreement and accepting the conditional discharge.

An order of the court in habeas corpus proceedings cannot be superseded by a direction by officers of the executive branch of our government, and, furthermore, the relator did not have the right to waive the right of an absolute discharge, for to do so would be to permit him to stipulate himself into penal servitude.

Previous adjudications in proceedings by habeas corpus are no answer to the writ granted herein, when the relator is restrained of his liberty.

CROUCH and TAYLOR, JJ., dissent.

APPEAL by the relator, Benny Sabatino, from an order of the Supreme Court dismissing a writ of habeas corpus and remanding relator to the custody of the respondent.

*Benny Sabatino,* appellant in person.

*Albert Ottinger,* Attorney-General [*Edward J. Grogan, Jr.,* of counsel], for the respondent.

SAWYER, J.   A final order in habeas corpus discharging relator from Great Meadow Prison was granted by Mr. Justice ANGELL March 2, 1924.   Following this and on March 5, 1924, the Governor by his warrant certified the reduction of relator's sentence and directed his conditional discharge.   May 9, 1924, upon his signing the usual parole agreement, he received a conditional discharge under the Governor's warrant, but was not absolutely discharged as had been previously ordered by the court.   The People now urge that by signing the parole agreement relator waived his right to an actual discharge under the order by Mr. Justice ANGELL and cannot now be heard to complain of his imprisonment.   Some question is raised as to the circumstances leading to his signing the parole agreement, but we do not deem them important.   Undoubtedly a waiver procured by duress would be held insufficient, but the question here presented goes beyond that.   We are called upon to decide whether an order of the court in a habeas corpus proceeding can be superseded by that of officers of the executive branch of our government.   As we view it, the question answers itself.   If the final direction under a writ of habeas corpus may be avoided at will, the efficacy of the proceeding would be destroyed.   The constitutional privilege "of the writ of habeas corpus" (U. S. Const. art. 1, § 9, subd. 2; N. Y. Const. art. 1, § 4) would be a vain reliance for personal security if it has no meaning beyond the right to appear in court and tell one's story.   The person against whom such a determination runs may, of course, appeal.   Failing in that its mandate must be obeyed.

No appeal was taken from the order under consideration and this relator was, therefore, entitled to be discharged "forthwith." (See Civ. Prac. Act, §§ 1262, 1274 *et seq.*)   Under such circumstances public policy demands that he be accorded nothing less. The prison authorities could lawfully neither exact nor accept from him any parole or any other conditional agreement for his discharge. Under our system of government one is not permitted to stipulate himself into penal servitude.   To waive the right to absolute discharge can be nothing else.

The exercise by the Governor of his discretion to grant a conditional release is undoubtedly a prerogative with which the courts will not interfere.   (*People ex rel. Brackett* v. *Kaiser*, 209 App. Div. 722.)   But the power that lies in the Governor was not intended as a limitation on the right of discharge.   It is one of extension, of mercy.   By its exercise one in legal confinement may have his term shortened.   Such exercise cannot be utilized to extend imprisonment beyond the time of discharge or to retain under its guise " a jurisdiction that has ended."

In the instant case the relator (evidently unknown to the Governor) had already been by the court ordered discharged. Therefore the certificate of the Governor was without effect. This is not relator's first application to the court for relief from his unwarranted imprisonment. (*People ex rel. Sabatino* v. *Lawes*, 217 App. Div. 779; *People ex rel. Sabatino* v. *Parole Board*, 219 id. 751.) Hitherto the court seems to have considered only the authority of the Governor to grant him either a conditional or an unconditional discharge. The effect of Mr. Justice ANGELL's prior order of absolute discharge has not apparently had attention. However this may be, we have the authority to review the whole matter and give force, belated though it is, to that order.

Previous adjudications in proceedings by habeas corpus are no answer to a writ where the relator is restrained of his liberty. (*People ex rel. Lawrence* v. *Brady*, 56 N. Y. 182.)

From what has been said it follows that the order appealed from should be reversed, the writ sustained, and the relator discharged.

All concur, except CROUCH and TAYLOR, JJ., who dissent and vote for affirmance. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR AND SAWYER, JJ.

Order reversed and writ sustained and relator ordered forthwith discharged from custody.