THE PEOPLE OF THE STATE OF NEW YORK ex rel. BURD R. ATKINS, Appellant, *v.* EDGAR S. JENNINGS, as Warden of Auburn Prison, Respondent.

Fourth Department, November 23, 1927.

Crimes — commutation of sentence — commutation of determinate sentence granted on condition that on conviction of felony prisoner should serve remainder of term — commutation was granted on May 22, 1914, and prisoner was entitled to immediate discharge — Board of Parole, assuming jurisdiction it did not then possess, required application for parole and released prisoner on condition of reporting — prisoner was convicted of larceny in Michigan, retaken on extradition proceedings and confined — no warrant was issued for violation of commutation or proceedings had under Code of Criminal Procedure, §§ 696-698 — writ of habeas corpus sustained and relator discharged.

The writ of habeas corpus sued out by the relator is sustained and the relator discharged from custody of the warden of Auburn Prison. It appears that the relator was sentenced for a determinate term of twenty years in March, 1905, and that on May 22, 1914, the sentence was commuted on condition that if he should thereafter be convicted of any felony, he would be required to serve the unserved portion of his term. The relator was entitled to release on May 22, 1914, under section 242 of the Prison Law as it read on that date, subject only to the condition attached by the Governor. Prior to that time the Board of Parole had no jurisdiction of the prisoner under sections 211-214 of the Prison Law, since he was imprisoned under a determinate sentence, but the Board of Parole assumed jurisdiction and required the prisoner to make application for parole and released him on June 2, 1914, under the usual conditions, one of which was that he should report to the Board of Parole. This action by the board was without authority and of no effect.

The prisoner was convicted of the crime of larceny in Michigan in 1924, was taken from the State prison in Michigan under extradition proceedings and placed in Auburn State Prison on October 31, 1926, on the theory that he must serve the remainder of his unserved sentence. The procedure was erroneous since no magistrate's warrant was issued against the relator for violation of the conditional commutation, nor any proceeding taken against him under sections 696-698 of the Code of Criminal Procedure, and since it further appears that there was no showing that the relator was convicted in Michigan of a crime that would be a felony if committed in this State. That fact must be proven and cannot be assumed.

Even if the relator could be restrained of his liberty because the Board of Parole on June 21, 1915, declared him delinquent in failing to report, no proceedings were taken to return him to prison on that ground, as required by section 215 of the Prison Law as it read at that time. It was necessary to take the proper steps before the Board of Parole could acquire jurisdiction to declare the relator a delinquent.

APPEAL by the relator from an order of the Supreme Court, entered in the office of the clerk of the county of Cayuga on the 14th day of May, 1927.

7

*Burd R. Atkins,* appellant, in person.

*Albert Ottinger, Attorney-General [Edward J. Grogan, Jr.,* of counsel], for the respondent.

HUBBS, P. J. In 1905 the relator was sentenced to Auburn State Prison for a determinate term of twenty years. He was received at the prison on March 17, 1905. On May 22, 1914, the Governor commuted his sentence to imprisonment in Clinton State Prison for the term of nine years, two months and five days minimum and twenty years maximum. The commutation of the sentence contained the following condition: " This commutation is granted upon the express condition that if the said Burd R. Atkins shall be hereafter .convicted of any felony committed during the period between the date of his discharge by reason hereof and the date of the expiration of the full term hereby commuted, he shall be deemed an escaped convict with respect to the said commuted term, and in addition to the penalty which may be imposed, for the felony committed during the interval aforesaid he shall be compelled to serve in the prison or penitentiary in which he may be confined for such felony, or if not confined therefor in any prison or penitentiary, then in the Clinton State Prison the portion of the term hereby commuted now remaining unserved without deduction or commutation for good behavior."

At the date of the commutation of his sentence by the Governor on May 22, 1914, the prisoner had served nine years, two months and five days, the minimum time to be served under the commutation of sentence granted. He was, therefore, entitled to be discharged immediately, as provided in section 242 of the Prison Law as it read on said date, under the enactment of 1909. The only condition attached to such discharge was the one imposed by the Governor and hereinbefore quoted. Prior to that time the Board of Parole had no jurisdiction of the prisoner, as he was imprisoned under a determinate sentence. (Prison Law, §§ 211–214, as amd. in part by Laws of 1909, chaps. 240, 489, and Laws of 1910, chap. 703.) Although the Governor had directed that the prisoner be released forthwith, he was not released until June 2, 1914. Meanwhile the Board of Parole had assumed to have jurisdiction of his case and he was required to file with it a written application for parole. Upon that application he was released under the usual conditions, one of which was that he should report to the Board of Parole. No such conditions were imposed by the Governor when his sentence was commuted and his discharge forthwith directed. No authority has been called to my attention which authorized the Board of Parole to impose conditions to the discharge of the prisoner

in addition to those imposed by the Governor. The action of the Board was without authority and of no effect. (*People ex rel. Kohler* v. *Kidney*, 183 App. Div. 921; affd., 223 N. Y. 666; *People ex rel. Sabatino* v. *Jennings*, 221 App. Div. 418.)

The Legislature, in 1921, amended section 243 of the Prison Law by chapter 567 of the Laws of 1921, by providing that the Governor shall, when reducing a sentence, annex a condition that the prisoner shall be subject to the jurisdiction of the Board of Parole. No such provision was contained in the statutes at the time when the sentence in question was commuted by the Governor.

After the prisoner was discharged he left this State and, in 1924, was convicted, in the State of Michigan, of the crime of larceny and sentenced to a State prison. He was taken from that prison under extradition proceedings and placed in Auburn State Prison on October 31, 1926. It is contended by the respondent that he must serve the balance of the maximum term of twenty years, being ten years, nine months and four days.

No magistrate's warrant has ever been issued against the relator for violation of the conditional commutation of his sentence, nor has any proceeding been taken against him as provided by sections 696 to 698, inclusive, of the Code of Criminal Procedure. It does not even appear that he was convicted of a crime in the State of Michigan which would have been a felony if committed in this State, which fact must necessarily appear in order to have the conviction in the foreign State constitute a violation of the condition imposed by the Governor in the commutation of his sentence. That fact cannot be assumed, but must be established as provided in the Code of Criminal Procedure, sections 696 to 698.

It is also contended by the respondent that the relator is properly restrained of his liberty because the Board of Parole on June 21, 1915, declared him delinquent in failing to report as required by the terms of his discharge by that Board. There is no pretense that a warrant was issued upon the ground that the prisoner had violated his parole as required by section 215 of the Prison Law as it read at said date. That was necessary before the Board of Parole could acquire jurisdiction to declare him a delinquent and cause him to be reimprisoned, even if it had theretofore acquired jurisdiction of his case. In fact, no proceeding whatever was taken against the prisoner. He was simply placed in prison and there remains.

In the traverse to the return herein the prisoner denied that he had been convicted in the State of Michigan of a crime which would have been a felony if committed in this State, denied that the Board of Parole had ever legally declared him to be a delinquent; and denied that it had ever acquired jurisdiction of his case.

The order of the Special Term should be reversed, the writ sustained and the relator discharged.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Order reversed, writ of habeas corpus sustained, and relator ordered forthwith discharged from custody.