The People of the State of New York ex rel. Owen Madden, Respondent, v. Robert H. Barr, Warden of the City Prison of the City of New York and Another, or Any Individual Who May Have Owen Madden in Custody, Defendants.*

The People of the State of New York, Appellant.

First Department, July 1, 1932.

* Revg. 143 Misc. 716; affd., 260 N. Y. 581.

*John T. Cahill, Assistant Attorney-General*, of counsel [*John J. Bennett, Jr., Attorney-General*], for the appellant.

*Samuel H. Kaufman* of counsel [*Emil Weitzner* and *Joseph Shalleck* with him on the brief; *William T. Harris*, attorney], for the respondent.

PER CURIAM. The sole ground upon which the writ of habeas corpus was sustained by the justice presiding at Special Term was that the relator was discharged from parole by the Parole Board on March 21, 1929. Upon the proofs presented the justice at Special Term held that such discharge had been shown. We are unable to agree therewith. The relator, on February 24, 1923, was paroled from Sing Sing Prison, where he was serving an indeterminate term of from ten to twenty years on conviction of the crime of first degree manslaughter. No evidence, either documentary or otherwise, of the slightest probative value was presented in the habeas corpus proceedings showing that the relator had ever been discharged from parole. On the contrary, the proofs clearly established that the relator was not discharged from parole on March 21, 1929, as contended in his behalf, and that he never, in fact, had been discharged. The official records of the State Board of Parole, the affidavits of the Chairman of said Board and the Assistant Commissioner of Correction, all refute the contention of the relator that he ever received a conditional discharge. The relator makes no claim that he ever received from the Commissioner of Correction a certificate of discharge. It was the invariable custom of said Commissioner to furnish to all prisoners who were conditionally discharged from parole a certificate of discharge. Such a certificate was shown to have been given to each of the three fellow-prisoners of the relator, Russo, Jegle and Stewart, but no certificate was furnished the relator. The proofs clearly show that he was not discharged as claimed.

The order appealed from should be reversed, the writ dismissed and the relator remanded to custody.

Present — FINCH, P. J., MERRELL, MCAVOY, MARTIN and TOWNLEY, JJ.

Order reversed, the writ dismissed and the relator remanded to custody.