THE PEOPLE OF THE STATE OF NEW YORK ex rel. LEO SORMBERGER, Respondent, against WALTER B. MARTIN, as Warden of Clinton Prison, Appellant.

Third Department, April 28, 1943.

*Nathaniel L. Goldstein, Attorney-General (P. H. Clune* and *Robert C. Booth* of counsel), for appellant.

*Leo Sormberger,* respondent in person.

SCHENCK, J. This is an appeal by the Warden of Clinton Prison from an order of the Clinton County Court, directing the Prison Board of Clinton Prison to certify relator's name to the Governor in accordance with the provisions of the Correction Law.

The sole question involved here is whether or not upon a subsequent conviction the Parole Board may require a prisoner to serve the time he was without the prison walls on parole from his first sentence. Sormberger was first convicted March 2, 1923, for robbery in the first degree and sentenced for an indeterminate term of ten to fifteen years. He commenced his sentence March 7, 1923, and his minimum sentence, less compensation would have expired May 6, 1930, and his maximum sentence, October 8, 1937. He was granted a parole upon executing a parole agreement on May 9, 1930, and remained on parole until October 6, 1933, when he was returned for a parole violation. He remained in prison from that time until November 21, 1934, when he was again paroled and signed a second agreement, which stated that his maximum term expired February 2, 1938. Rule 7, made part of the agreement, provides that should he during the period while he is on parole be convicted of a felony, he would be compelled to serve the portion remaining of the maximum term of the sentence on which he was released on parole " from the time of such release on parole to the expiration of such maximum." While on his second parole he was arrested on December 19, 1934, charged with burglary, and was again declared delinquent on that date. He was convicted on January 18, 1935, and sentenced to a term of five years. Upon his return to Clinton Prison on January 22, 1935, he was held to serve all of the time of his first sentence, including the period from May 9, 1930, to October 6, 1933, during which time he was out on his first parole. The provisions of rule 7 providing that relator be required to serve the portion of his maximum sen-

tence remaining unserved computed from the date of his release on parole to the expiration date of the maximum term of his first sentence before commencing to serve the sentence under the second felony conviction is now embodied in section 219 of the Correction Law, which provides that the prisoner shall be compelled to serve the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum. Having in mind that his second release on parole was November 21, 1934, he was apparently credited with all of the time he was outside the prison while on his first parole, and the agreement under which he was released on parole of November 21, 1934, specifically.fixed the expiration date of his maximum sentence as February 2, 1938. The Parole Board now fixes the date of expiration of the maximum of the first sentence imposed March 2, 1923, as May 7, 1941. The Parole Board has apparently concluded that by reason of his conviction on January 18, 1935, he owed not only the period between November 21, 1934, the date of his release on his second parole, and February 2, 1938, the date of the expiration of his maximum sentence, but also the period between May 9, 1930, the date of his first release on parole, and October 6, 1933, the date he was returned as a violator of his first parole.

The Clinton County judge takes the position that relator's original release on parole, in 1930, was pursuant to the authority given the Parole Board under article 8 of the Prison Law, which was in effect at the date of his first conviction, and cites the case of *People ex rel. Madden* v. *Barr* (236 App. Div. 319, affd. 260 N. Y. 581.) Section 217 of the Prison Law (L. 1909, ch. 47, § 217, as amd. by L. 1919, ch. 198, § 2) provided insofar as pertinent here " he shall whenever arrested be thereafter imprisoned in said prison for a period equal to the unexpired maximum term of sentence of such prisoner, at the time of such delinquency * * * .''

This ruling is supported by judicial decision of our courts. Relator was given credit for the time from May 9, 1930, to October 6, 1933, the period of his first parole, at the time of his release on his second parole, November 21, 1934. However, the Parole Board now claims that upon his second conviction he forfeited the time spent on his first parole and, therefore, his time will not expire until August 16, 1944. While on parole he was permitted to go outside of the prison walls and enclosure, but during that time he remained in the legal custody and under the control of the warden of the prison. (*People ex rel. Newton*

v. *Twombly,* 228 N. Y. 33; *People ex rel. Kohler* v. *Kidney,* 223 N. Y. 666.) He is entitled to be credited with the time spent on parole as part of his sentence served, and until declared delinquent his prison term was continuous.

The appellant warden relies upon the case of *People ex rel. Brackett* v. *Kaiser* (209 App. Div. 722) in which COCHRANE, P. J., wrote for a unanimous court. That case held that a prisoner who was not only paroled but discharged by the Parole Board under the Old Prison Law, when again convicted of a felony was properly required to serve all of the first sentence, and that the full term meant the maximum limit of the sentence originally imposed. In that case, the real question presented was whether the commutation applied to the entire maximum or to the minimum term. The Governor had commuted the sentence and had imposed a condition to the granting of the commutation that if the relator should be convicted of a felony during the period between the date of his discharge by reason of the commutation and the date of the expiration of the full term commuted, he would be required to serve the term commuted then remaining unserved, without deduction or commutation for good behavior, and having violated the condition of the commutation by committing a felony for which he was convicted before the expiration of the maximum term, he was required to serve the difference between the time served when he was discharged on the commutation and the maximum term specified in his sentence. This, notwithstanding the fact that prior to his subsequent conviction he was given a full discharge by the Parole Board. The learned justice in his opinion in the *Kaiser* case refers to the case of *State of Florida* v. *Horne* (52 Fla. 125). That was a case where a prisoner had been pardoned and the provisions of the pardon provided, among other things, that if during his lifetime he should fail to observe its conditions the pardon would become null and void and he would be required to serve out the remainder of his sentence of imprisonment " that he has not already actually suffered," and the status of the defendant would be " as though he had never received the conditional pardon."

May it be said that the status of the relator in the case at bar is as though he had never received the first parole? I think not. The provisions of the old Prison Law specifically provide that the sentence to be served shall begin at the date of the declared delinquency and shall expire at the end of the maximum term. The Florida case also provided that if at the time the conditions of the pardon are violated " a portion of the

*quantum* of imprisonment fixed by the sentence has not been suffered or served, the party should be returned to serve the remainder of his time of imprisonment * * *.'' However, the time a prisoner spends outside the prison walls while on parole is part of his sentence and continues to run until he is declared delinquent and the unexpired term is that remaining from the date when such delinquency is declared. (Prison Law, § 217.) He has not forfeited the time spent on parole from May 9, 1930, to October 6, 1933, and is entitled as a matter of law to have his name certified to the Governor. (Correction Law, § 235.)

The order should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order affirmed, without costs.