THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE PATTERSON, Respondent, against JOHN BOCKEL, as Acting Warden of the New York City Prison, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

(Argued January 6, 1936; decided March 3, 1936.)

*William Copeland Dodge*, District Attorney (*Le Roy Mandle* of counsel), for The People of the State of New York, appellant. The relator is a fugitive from justice and his extradition should have been ordered. (*People ex rel. Hutchings* v. *Mallon*, 218 App. Div. 461; 245 N. Y. 521; *Appleyard* v. *Massachusetts*, 203 U. S. 222; *Bassing* v. *Cady*, 208 U. S. 386; *Hogan* v. *O' Neill*, 255 U. S. 52; *Matter of Hamilton*, 41 Okla. Cr. Rep. 322; *Matter of Nabors*, 267 Pac. Rep. 58; *Matter of McBride*, 101 Cal. App. 251; *People ex rel. Romain* v. *Parole Comm.*, 116 Misc. Rep. 758; *People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239; *People ex rel. LaPlaca* v. *Heacox*, 238 App. Div. 217; *People ex rel. Schlechter* v. *Jennings*, 130 Misc. Rep. 748; 223 App. Div. 814; *People ex rel. Madden* v. *Barr*, 236 App. Div. 319; 260 N. Y. 581; *Matter of Carroll*, 86 Tex. Cr. Rep. 301; *State ex rel. Shapiro* v. *Wall*, 187 Minn. 246; *Hughes* v. *Pflanz*, 138 Fed. Rep. 980; *Drinkall* v. *Spiegel*, 68 Conn. 441; *Albright* v. *Clinger*, 290 Mo. 83; *Matter of Cohen*, 104 N. J. Eq. 560.)

No appearance for respondent.

CRANE, Ch. J. This is an appeal by the People of the State of New York from an order of the Appellate Division, affirming an order of the Special Term sustaining a writ of habeas corpus and discharging the relator from custody.

On September 13, 1928, the relator was convicted of the crime of burglary in the Superior Court, Fairfield county, State of Connecticut, and committed to the Connecticut State Prison for an indeterminate term of two to four years under the first count, and an additional term of four years under the second count; sentence on each of said counts to commence at the expiration of the sentence under the preceding count, so that under the said sentence the maximum time during which the authorities of Con-

necticut had jurisdiction of the relator was until February 19, 1935.

On July 5, 1934, the Board of Parole of the Connecticut State Prison paroled the relator and permitted him to go to the State of New York for employment.

On October 12, 1934, the relator was arrested in New York city for burglary, and thereupon the Parole Board of Connecticut revoked his parole and issued a warrant for his arrest and reimprisonment, forwarding the same to the chief inspector of the police department of the city of New York.

As the defendant's term of imprisonment did not expire until February 19, 1935, and his parole was revoked on October 12, 1934, the prisoner had four months and seven days' imprisonment to serve in the State of Connecticut. Naturally he could not serve this imprisonment until he was caught; whenever he was caught and returned to the State of Connecticut he had to make up this four months and seven days. The relator was not arrested in New York until March 5, 1935, and on March 11, 1935, the Governor of this State signed a warrant of rendition to extradite the relator to the State of Connecticut. On writ of habeas corpus the prisoner was discharged on the ground that his time of sentence had expired February 19, 1935. The Special Term seems to have been oblivious to the fact that he had not served this imprisonment and that any prisoner whose parole had been revoked could nullify the parole law by staying in hiding until after the maximum time of service of his sentence had expired. It is for this reason that the authorities have said that when a prisoner violated his parole, and his parole was revoked, he thereafter became the same as an escaped prisoner — one who had escaped from prison at the time of revocation.

This merely means that a prisoner who so conducts himself that the authorities charged with enforcing the parole system find it necessary to revoke his parole must

come back and serve the remainder of his sentence. He cannot escape this penalty or this punishment by hiding away from the authorities so that they cannot find him to bring him back. In *People ex rel. Newton* v. *Twombly* (228 N. Y. 33, 36) this court said: " A prisoner who has broken his parole is in the same plight for most purposes as one who has escaped." This was quoted in *People ex rel. Hutchings* v. *Mallon* (218 App. Div. 461; affd., 245 N. Y. 521). The following cases likewise may be consulted: *Matter of Hamilton* (41 Okla. Cr. Rep. 322); *Matter of McBride* (101 Cal. App. 251); *Matter of Carroll* (86 Tex. Cr. Rep. 301); *State ex rel. Shapiro* v. *Wall* (187 Minn. 246); *Hughes* v. *Pflanz* (138 Fed. Rep. 980); *Drinkall* v. *Spiegel* (68 Conn. 441); *Albright* v. *Clinger* (290 Mo. 83).

The order of the Appellate Division and that of the Special Term should be reversed, the writ dismissed, and the prisoner remanded for extradition.

Lehman, O'Brien, Hubbs, Crouch, Loughran and Finch, JJ., concur.

Ordered accordingly.