THE PEOPLE OF THE STATE OF NEW YORK ex rel. PAUL KURZYNSKI, Appellant, *v.* WILLIAM HUNT, as Warden of Attica State Prison, Attica, New York, Respondent.

Fourth Department, March 17, 1937.

*Paul Kurzynski, in pro per,* for the appellant.

*John J. Bennett, Jr., Attorney-General [Charles J. Kennedy, Assistant Attorney-General,* of counsel], for the respondent.

EDGCOMB, J. On the 21st day of January, 1930, the relator was convicted of the crime of grand larceny in the first degree, and three days later he was sentenced to prison for a term of not less than three nor more than ten years. On July 1, 1932, he was set at liberty on parole. On April 17, 1935, he was declared delinquent by the Board of Parole, and was returned to prison as a parole violator to serve out the remainder of his sentence.

Relator seeks his release upon the theory that his present imprisonment is illegal because he was deprived of the protection of the provisions of sections 696, 697 and 698 of the Code of Criminal Procedure as they existed in January, 1930, when he was convicted and sentenced, and that, consequently, his constitutional rights have been invaded. These sections provide in substance that an application should be made to a magistrate for a warrant for the transgression of a prisoner's parole, and that the violator, upon his arrest, is entitled to a trial by jury as to the facts concerning the violation. This procedure was not followed in the instant case.

But sections 697 and 698 were repealed* as of July 1, 1930, and section 696 was amended* so as to provide that where a person, who has been discharged from imprisonment by virtue of his parole violates the condition of his release, he shall be remanded to the place of his former imprisonment, and there confined for the unexpired term for which he had been sentenced, and that the violation of the parole should be determined in the manner prescribed by the Correction Law. Under this latter act the Board of Parole is made the arbiter, and is charged with the duty of determining whether a prisoner's parole should be revoked or not. (Correction Law, §§ 216, 217, 218.) This was the law which was in effect at the time appellant was released from prison on parole, and when he was rearrested and declared delinquent. It is conceded that this statute was complied with.

The action of the Parole Board in revoking relator's parole, and in ordering him returned to prison, is not subject to review in this proceeding. The privilege granted him to be released from incarceration was withdrawn, and the judgment of the Board in that regard cannot be reviewed by the court in a habeas corpus proceeding. (*People ex rel. LaPlaca* v. *Heacox*, 238 App. Div. 217, 219; *Matter of Hogan* v. *Canavan*, 245 id. 391, 394; *People ex rel. Sabatino* v. *Lawes*, 127 Misc. 575; affd., 217 App. Div. 779; *People ex rel. Schlechter* v. *Jennings*, 130 Misc. 748, 751, 752; affd., 223 App. Div. 814.)

The relator insists, however, that the legality of his restraint must be judged not by the present statute, but by those in effect at the time he was convicted of the original crime, and when he was sentenced therefor. We cannot accept such a contention.

" Parole is not a right, but a privilege, to be granted or withheld as discretion may impel." (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239, 241.) Appellant was in the legal custody and under

* See Laws of 1930, chap. 38.— [REP.

the control of the warden of the prison until the expiration of the maximum term of his sentence, even though he was actually at large under his release on parole. (*People ex rel. Cecere* v. *Jennings*, 250 N. Y. 239, 240.) Consequently the law in effect at the time of his release and the declaration of his delinquency controls, rather than that which was applicable when he was convicted and sentenced. The amendments after relator's conviction and sentence cannot be said to be an *ex post facto* law as to him. The change in the statute did not increase his punishment; it merely changed the procedure in relation to his being retaken as a parole violator. (*People ex rel. Ross* v. *Lawes*, 242 App. Div. 638; *People ex rel. Mongno* v. *Lawes*, 225 id. 193.)

For the reasons stated, we think that the order appealed from should be affirmed, without costs.

All concur. Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

Order affirmed, without costs.