THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED ROTHERMEL, Respondent, against THOMAS H. MURPHY, as Warden of Clinton Prison, Appellant.

Argued April 19, 1937; decided May 25, 1937.

*John J. Bennett, Jr.*, Attorney-General (*Caleb Candee Brown, Jr.*, *Henry Epstein* and *Patrick H. Clune* of counsel), for appellant. The relator must serve the time remaining unserved on the first sentence prior to the commencement of the service of the second term. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *People ex rel. Brackett* v. *Kaiser*, 209 App. Div. 722.)

*Jesse Perlmutter* for respondent. The alleged violation of parole or commutation is a criminal offense punishable only by the judiciary under the provisions of criminal law. (Code Crim. Proc. §§ 696, 697, 698; *People* v. *Bellinger*, 269 N. Y. 265; *People ex rel. Hirschberg* v. *Orange County Court*, 271 N. Y. 151.) The relator was not accorded a hearing or a trial on the issue of delinquency. (*People* v. *McQuade*, 110 N. Y. 284.) Breach of condition was denied by the relator, was not charged in the return, and is not established by the record. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.) The relator's term expired in March, 1934. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.)

O'BRIEN, J. Relator was convicted April 19, 1919, in Nassau county of robbery in the first degree and sentenced for a term of not less than ten nor more than twenty years. In March, 1924, the Governor conditionally commuted his sentence to imprisonment in Clinton Prison for a term of four years, ten months and fifteen days from May 1, 1919. That commutation was granted upon the express condition that if relator should again be convicted of a felony committed between the date of his discharge and the date of the expiration of his full term, he should be deemed an escaped convict with respect to his commuted term and should be compelled to serve, in addition to the penalty to be imposed for the felony committed during that interval, the unserved portion

of the commuted term. The Board of Parole on March 31, 1924, released him subject to the conditions imposed by the Governor's commutation. November 5, 1925, relator, upon his plea of guilty, was again convicted of robbery in the first degree in the Court of General Sessions, New York County, and sentenced for a term of fifteen years in Clinton Prison. November 23, 1925, the Board of Parole held him as a parole violator " for maximum less compensation before starting his other sentence " for the felony for which he was convicted in New York county. He is now in the custody of the warden of Clinton Prison.

In his petition for a writ of habeas corpus relator alleges a right to be tried by a jury and relies upon the provisions of sections 696, 697 and 698 of the Code of Criminal Procedure. His writ was dismissed but the Appellate Division reversed and decided that the Parole Board was without power to commit under those sections as they then existed. In our opinion these parts of the statute apply only when some question of fact is presented in relation to violation of the terms of parole, commutation or pardon. (*People ex rel. Brackett* v. *Kaiser*, 209 App. Div. 722; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46, 52, 53.) Here there is no question of fact. The record of the Court of General Sessions evidencing his second conviction for felony, entered upon his plea of guilty, is conclusive proof of violation of his parole. In the language of the opinion in the *Atkins* case, a jury trial would constitute nothing more than " an idle formality affecting no substantial right."

The order of the Appellate Division should be reversed and that of the Trial Term dismissing the writ of habeas corpus should be affirmed and the relator remanded to custody.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.