In the Matter of the Application of JOHN MAGISTRO, Petitioner, Respondent, for a Mandamus Order against JOSEPH H. WILSON, as Warden of Great Meadow Prison at Comstock, N. Y., Appellant.

Third Department, December 29, 1937.

*John J. Bennett, Jr., Attorney-General [Bernard L. Alderman and Patrick H. Clune, Assistant Attorneys-General, of counsel], for the appellant.*

*McCarthy, Dougherty & Madden [Raymond B. Madden of counsel], for the respondent.*

BLISS, J.   On December 22, 1934, respondent John Magistro was received in Sing Sing Prison under conviction of a felony with a sentence of two and one-half years and credited with twenty-four days jail time served.   He was later transferred to Great Meadow Prison, and at the time of the beginning of this proceeding was still there.   After he was received at Sing Sing it was discovered that he had been convicted on April 16, 1919, under another name, as a second offender, of a felony, received a sentence of five years and had been confined in prison until August 5, 1922, on which date he was paroled.   The unexpired portion of this earlier sentence was one year, eight months and ten days.   On September 22, 1923, respondent was declared delinquent by the Parole Board after he had failed to make the necessary reports, and a warrant was issued for his retaking.

In February, 1935, the Parole Board, apparently acting under authority of section 218 of the Correction Law, required that he serve the one year, eight months and ten days unexpired portion of his previous five-year sentence before beginning to serve the new two and one-half-year sentence.   If this requirement is valid, the earliest date upon which he could be discharged, after receiving credit for jail time and earned reduction in sentence, was November 15, 1937.   On the other hand, if this determination of the Parole Board is invalid, and the respondent may not now be compelled to serve the unexpired portion of his previous five-year sentence, then he was entitled to his discharge on August 5, 1936.   The court below was of the opinion that the 1935 action of the Parole Board, directing service of the unexpired portion of the previous sentence, was invalid, and that the respondent was entitled to a peremptory order of mandamus directing the appellant to forward his name to the Governor with an earned reduction that would permit him to be discharged on the earlier date.

Thus, we have presented the question of the validity of the determination of the Parole Board in February, 1935, that respondent be held to serve the unexpired portion of his previous sentence for having violated his parole. There was no determination by the Parole Board in 1923 which would require him to serve this unexpired portion of his previous sentence. He was merely declared delinquent and a warrant issued for his retaking. The fact that the full term for which he was previously sentenced had expired before his apprehension as a parole violator and before the 1935 determination of the Parole Board does not render such determination invalid. A parole violator cannot escape penalty or punishment by hiding away from the authorities so that they cannot find him to bring him back. (*People ex rel. Patterson* v. *Bockel,* 270 N. Y. 76.) "An escaped convict may not go free merely because he avoids arrest until the expiration of the term for which he was sentenced. Escape interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term." (*People ex rel. Atkins* v. *Jennings,* 248 N. Y. 46.) A fugitive may not successfully contend that his sentence has run to its conclusion and expired while he is hiding from the Parole Board and it is impossible to apprehend him. (*People ex rel. La Placa* v. *Heacox,* 238 App. Div. 217.)

Respondent urges that the only procedure by which he could be remanded and confined to serve the unexpired portion of his previous sentence was set forth in sections 696 and 697 of the Code of Criminal Procedure as they existed at the time of the violation. These sections then provided for the laying of an information before a magistrate charging the violation and a trial by jury. Section 696 was materially amended and section 697 was repealed by chapter 38 of the Laws of 1930. This new statute provided that determination of a violation of a parole should be had in the manner prescribed in the Correction Law, which in turn authorized a determination by the Parole Board. Since the repeal of section 697 of the Code of Criminal Procedure there has been no authority for the laying of an information charging a parole violation before a magistrate and the trial of the issue by a jury. Such procedure was not warranted in 1935 in the instant case. The procedure which was followed was then authorized by law and was the only one which could then properly be followed. (*People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378.) It is idle to say that the respondent should have been tried as a parole violator at the time of his violation in accordance with the cited provisions of the Code of Criminal Procedure because he was not in custody between the time of the

alleged violation and the date on which those provisions were repealed. *People ex rel. Rothermel* v. *Murphy* (245 App. Div. 783), relied upon below, was reversed by the Court of Appeals (274 N. Y. 281). The respondent was properly held to serve the unexpired portion of his previous sentence before beginning his new sentence. The Special Term was in error when it held this determination to be invalid.

The appellant urges that, although respondent did not commit his last felony until after April 16, 1924, the date on which his original five-year sentence would have expired, he was still on parole until he had actually served the remainder of such original sentence. In our present view of the case we need not pass upon this contention of the appellant.

The order of the Special Term should be reversed and the petition dismissed.

RHODES, McNAMEE and CRAPSER, JJ., concur; HILL, P. J., concurs in the result on the authority of *People ex rel. Rothermel* v. *Murphy* (274 N. Y. 281).

Order reversed on the law and petition dismissed.