ISAAC M. SCHUMANN, Respondent, v. NATIONAL PRESSURE COOKER COMPANY, Appellant, and E. W. EDWARDS & SON, Defendant.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

In the Matter of the Probate of the Last Will and Testament of LOUIS FRANKEL, Deceased.— Order so far as appealed from affirmed, without costs. Memorandum: Taking into consideration the nature of the issue and the fact that the contestant swore she was unable further to particularize the facts we are unable to say that the surrogate was wrong in holding that the bill of particulars as furnished reasonably complied with the order therefor. (*Matter of Meyers*, 158 Misc. 942, 945.) All concur. (The portion of the order appealed from denies a motion to preclude giving of testimony in a will contest.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MERRITT B. SCHUYLER, Appellant, v. JOSEPH H. BROPHY, as Warden of Auburn Prison, Auburn, New York, Respondent.— Order affirmed, without costs. Memorandum: The claim of the relator that the Governor terminated his sentence on June 28, 1935, and that he was never released on parole is contrary to the facts. The Governor merely reduced relator's minimum term. The relator was paroled from Great Meadow Prison on September 30, 1935. The fact that he was immediately committed to Onondaga County Penitentiary to serve a year's sentence imposed for an attempted escape did not serve to revoke his parole. He was permitted his liberty on parole upon his release from that institution in May, 1936. Relator violated his parole and on October 1, 1937, was returned to prison and was held, after a hearing, to appear before the Parole Board in September, 1942. The procedure of the Parole Board was regular. (Code Crim. Proc. § 696; Correction Law, §§ 215, 216, 218.) The court has no power in a habeas corpus proceeding to review the determination of the Parole Board. (*People ex rel. Kurzynski* v. *Hunt*, 250 App. Div. 378, 379.) The law in effect at the time of a parole violator's return to prison is controlling. (*Matter of Magistro* v. *Wilson*, 253 App. Div. 48, 50.) All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.