THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE H. MOODY, Appellant, *v.* WILLIAM HUNT, Warden of Attica Prison, Attica, N. Y., Respondent.

Fourth Department, October 4, 1939.

*George H. Moody*, appellant in person.

*John J. Bennett, Jr., Attorney-General [James A. Noonan, Assistant Attorney-General*, of counsel], for the respondent.

PER CURIAM. The relator was sentenced to a State prison for a term of ten years, dating from the time of his incarceration, February 13, 1929. He escaped from prison on February 8, 1932, and was at liberty four days. He received an additional sentence of one year for the unlawful escape, to commence at the expiration of his previous sentence. His first sentence was commuted by the Governor and he was allowed earned reduction of three years, five months and nine days on his ten-year sentence and nothing on the one-year sentence. He was released on parole on June 15,

1936. He was returned to Attica State Prison on October 9, 1936, as a parole violator.

The relator claims that with his earned time his ten-year sentence expired on June 15, 1935, and that he was then permitted to begin to serve his one-year sentence, and that the full term thereof had been served when he was released on parole on June 15, 1936. He seeks to credit the year served between June 15, 1935, and June 15, 1936, on both his ten-year sentence and his one-year sentence. However, these two sentences ran consecutively and not concurrently. (Penal Law, § 2190, subd. 2.)

The Board of Parole, upon the return of relator to prison for violation of his parole, had the power to require him to serve the balance of the maximum term to which he was originally sentenced. (Correction Law, § 218.) He could not be discharged from parole prior to the expiration of the full maximum term to which he was sentenced. (Correction Law, § 220.)

The Parole Board determined that he has not served three years, five months and fourteen days of the maximum time of his sentence and that his maximum sentence will expire on March 23, 1940.

Therefore, relator is not entitled to be released from prison.

The order should be affirmed, without costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, without costs.