PEOPLE ex rel. TOWER v. HUNT, Warden.

No. 505.

District Court, W. D. New York.

Sept. 5, 1940.

Harlow Tower, in pro. per.

John J. Bennett, Jr., Atty. Gen., and James A. Noonan, Deputy Atty. Gen., for respondent.

KNIGHT, District Judge.

One question only is raised on this application for a writ of habeas corpus. On January 9, 1922, relator was convicted of robbery first degree and sentenced to a state prison for not more than twenty years or less than ten years. On December 18, 1929, he was released on parole. On June 25, 1937, he was declared delinquent by the Parole Board and on July 6, 1937, returned to a state prison for violation of parole. He was returned on a parole warrant issued by a member of the Board of Parole of the State. Both at the time of relator's

conviction and at the time of his release on parole the statutes provided that a warrant for the violation of a parole should be issued by a magistrate and that the alleged violator was entitled to a trial by jury as to matters concerning the violation.

Sections 697 and 698, supra, were repealed and Section 696 of the Code of Criminal Procedure, as in force in 1922, amended by Chapter 38 of the Laws of 1930, effective July 1, 1930. This chapter has continued as the law since its enactment. Among other things Section 696, supra, as amended, provided that a parole violation is to be determined as prescribed by the Correction Law. Under the provisions of Section 216 of the Correction Law, Consol.Laws N.Y. c. 43, a member of the Board of Parole was in 1937 and is now authorized to issue a warrant for the retaking of a prisoner on the report of a parole officer made upon reasonable cause, and Section 218 of the Correction Law gives the Board of Parole authority to pass upon the question of the violation of the parole. The effect of these changes, as hereinbefore shown, is to do away with the determination by a jury of the question of a violation.

The relator heretofore has applied, once to a Justice of the Supreme Court of the State of New York, and on two different occasions to a County Judge of the County of Wyoming. Each proceeding resulted in a dismissal of the application. Admittedly the question presented here is the same as that which was presented in each of these prior applications.

The only written opinion upon these three applications, so far as I am informed, was one by Judge Conable, County Judge of the County of Wyoming. He states that he finds the proceedings regular but does not state the reasons for the decision. I am informed of no other case in which the facts are comparable with those presented here. The nearest approach is in In re Magistro v. Wilson, Warden, 253 App.Div. 48, 300 N.Y.S. 1216; and People ex rel. Kurzynski v. Hunt, Warden, 250 App.Div. 378, 294 N.Y.S. 276, in which leave to appeal to the Court of Appeals was denied. 275 N. Y. 652. Writ of certiorari was denied by the Supreme Court. 303 U.S. 654, 58 S.Ct. 755, 82 L.Ed. 1114.

In the Magistro proceeding the facts showed that Magistro was convicted in 1934 and that the question at issue was whether the determination of the Board of Parole that he serve an unexpired portion of a previous sentence for violation of parole was valid. There, as here, it was urged that the procedure upon the violation should have been in the manner prescribed by Sections 696 and 697 of the Code of Criminal Procedure, as it existed at the time of the violation of parole in 1923. After discussing the changes stated hereinbefore in the parole procedure, the court said [253 App.Div. 48, 300 N.Y.S. 1219]: "Since the repeal of section 697 of the Code of Criminal Procedure there has been no authority for the laying of an information charging a parole violation before a magistrate and the trial of the issue by a jury. * * * The procedure which was followed was then authorized by law, and was the only one which could then properly be followed."

In the Kurzynski application for a writ, the parole was granted, and, as necessarily follows, the violation occurred, subsequent to the amendments effective July 1, 1930. In the case at bar, as noted, parole was granted prior to and the violation resulted after the aforesaid amendments. However, the language in this case is pertinent here. After discussing the statutory changes hereinbefore mentioned, the court stated [250 App.Div. 378, 294 N.Y.S. 278]: "Under this latter act (July 1, 1930) the board of parole is made the arbiter, and is charged with the duty of determining whether a prisoner's parole should be revoked or not. * * * This was the law which was in effect at the time appellant was released from prison on parole, and when he was rearrested and declared delinquent. It is conceded that this statute was complied with. * * * The relator insists, however, that the legality of his restraint must be judged not by the present statute, but by those in effect at the time he was convicted of the original crime, and when he was sentenced therefor. We cannot accept such a contention. * * * Appellant was in the legal custody and under the control of the warden of the prison until the expiration of the maximum term of his sentence, even though he was actually at large under his release on parole. * * * Consequently, the law in effect at the time of his release and the declaration of his delinquency controls, rather than that which was applicable when he was convicted and sentenced. The amendments after relator's conviction and sentence cannot be said to be an ex post facto law as to him."

I agree with the views expressed in the two preceding cases. It is not thought that the statute is to be construed as an ex post facto act as to this relator. As stated hereinbefore, the relator was under the continued custody of the warden of the prison until the termination of his sentence. The amended statute simply changes the procedure by which the relator was re-arrested and brought under the direct control of the warden. The application for a writ therefore should be denied.

■ There is another reason for which this writ might well be denied. The same question as raised here was raised in the state courts without appeal. There should be some reasonable limit to the rights to the consideration of applications for writs of habeas corpus. This can be done without any violence to any constitutional safeguards. Time and again these applications involving the same question come up as they have here in various state courts and in the federal courts. As I have only recently had occasion to state in a similar application, it is only in exceptional cases that the federal courts will interfere where proceedings have not been prosecuted through the state courts. In Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 343, 79 L.Ed. 791, 98 A.L.R. 406, the Supreme Court denied leave to file a petition for habeas corpus upon the ground that petition had not first been made to the state court. The court there said: "Orderly procedure, governed by principles we have' repeatedly announced, requires that before this court is asked to issue a writ of habeas corpus, in the case of a person held under a state commitment, recourse should be had to whatever judicial remedy afforded by the state may still remain open."