THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANKLIN C. WEST, Petitioner, against VERNON A. MORHOUS, as Warden of Great Meadow Prison, Comstock, N. Y., Respondent.

Supreme Court, Washington County, November 28, 1942.

*Franklin C. West,* petitioner, in person.

*John J. Bennett, Jr., Attorney-General (Everett D. Mereness* of counsel), for respondent.

IMRIE, J. Petitioner, originally sentenced in Queens County Court on June 28, 1929, for not less than five or more than ten years for grand larceny, has been resentenced for a definite term of ten years to commence as of June. 28, 1929, and the previous sentence revoked. He contends that this new sentence, with the vacation of the previous sentence, renders the first sentence " null and void " and that all incidents growing out of the first sentence are equally void; that the act of the Parole Board in releasing him on May 16, 1933, was incident to a void sentence, and also contends, inferentially at least, that the time he was out of prison, following such release on parole, should not be charged against him in the running of the present sentence. He asks for mandamus directing the Warden of Great Meadow Prison to detain him only under the authority of the last commitment.

The original sentence of the court was valid. No subsequent action of any court has declared or rendered it void. When the petitioner was resentenced as a second offender, the original sentence was vacated, but section 1943 of the Penal Law (Cons. Laws, ch. 40) recognizes the validity and the actuality of the first sentence by requiring that the time served on such first sentence be deducted from the term of the sentence as a second offender and, to that extent, makes the original sentence legally effective. Were it otherwise, this prisoner would have served from July 1, 1929, until May 16, 1933 (the date of his release on parole), and from June 20, 1938 (the date of his return to prison as a parole violator), until the date of his resentencing, without a sentence and might receive no credit for such period of incarceration. (*Matter of Moore* v. *Thorn,* 245 App. Div. 180.)

As a matter of fact, the action of the County Court, when the prisoner was returned to that court for resentence as a second offender, indicated an effort on the part of the court to extend such clemency as was within its power. The sentence given petitioner as a second offender was the same as the maximum of his previous indeterminate sentence, and that maximum was the minimum to which section 1941 of the Penal Law required him to be sentenced. It certainly would be absurd to say that, under such circumstances, as a part of the credit which section 1943 required the petitioner to have on the corrected sentence,

there should be considered the period from May 16, 1933, until June 20, 1938, while he was out of prison by virtue of parole; or that the County Court, in imposing the definite sentence of ten years, had any such thought in mind. The sentence as a second offender merely substitutes for the first (theoretically) lesser sentence, insofar as the latter extends; and all of the incidents such as parole, which attached to the original sentence, attach to the present sentence by virtue of such substitution.

While no such question was asserted by the prisoner in his petition in this matter, on his appearance before the court he contended that he was entitled to commutation and compensation under the Correction Law (Cons. Laws, ch. 43). He was paroled on May 16, 1933; was declared delinquent May 22, 1933. On June 19, 1933, he was received in a Pennsylvania penitentiary, convicted of the crime of burglary which, if committed within this State, would have been a felony; this was while he was at liberty on parole. On July 29, 1938, the Parole Board ruled that this petitioner should be held for his maximum term. This was in accordance with sections 218 and 219 of the Correction Law, and a matter as to which the Parole Board had no choice. The fact that petitioner has since then been resentenced as a second offender does not nullify that action of the Parole Board which was no less an incident of the first sentence than the action of the Parole Board in releasing him on parole in May, 1933. The first sentence was valid; the release on parole by the Parole Board was valid; the action of the Parole Board in holding him for the remainder of his maximum term was valid and could not be reviewed by this court. (*People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378; *People ex rel. Moody* v. *Hunt,* 257 App. Div. 611; *People ex rel. Threadcraft* v. *Brophy,* 255 App. Div. 823; *People ex rel. Gariti* v. *Brophy,* 255 App. Div. 823; *People ex rel. Schuyler* v. *Brophy,* 256 App. Div. 1045.) While he was out of prison on parole he committed a crime in another state which, if committed in this State, would have been a felony. He is, therefore, not eligible for further parole on the original sentence as a first offender, or on the present resentence as a second offender. (Correction Law, § 219.)

The relief sought by the petitioner is in all respects denied.