The People of the State of New York ex rel. Abraham Dayes, Appellant, against Vernon A. Morhous, as Warden of Great Meadow Prison, Respondent.— Appeal by relator from an order of a Justice of the Supreme Court dismissing, after hearing, a writ of habeas corpus. Relator was convicted upon his plea of guilty to the crime of manslaughter, second degree, and sentenced to imprisonment for a term of seven years and six months, minimum, and fifteen years, maximum, on February 23, 1927. On September 28, 1932, he was released on parole after signing the standard parole release agreement which contained, among other conditions, that if he should be convicted of a felony outside of the State of New York, he " shall be compelled to serve in a state penal institution the portion remaining of the maximum term of the sentence upon which I was released on parole, from the time of such release on parole to the expiration of such maximum ". While on parole he was arrested in the State of Pennsylvania, and the Board of Parole declared him delinquent December 11, 1937. On October 8, 1937, relator-appellant was sentenced to a term of eighteen months to three years in the State of Pennsylvania upon conviction of aggravated assault for stabbing one Ray, of Philadelphia, in the back. This crime, if committed in the State of New York, would be a felony. After serving eighteen months he was released by the State of Pennsylvania and returned to Sing Sing prison as a parole violator charged with delinquent time on his sentence from the date of his release on parole until the expiration of his sentence for manslaughter. It is relator-appellant's contention that he was sentenced under the " old Prison Law " and, therefore, upon his violation of parole could be compelled to serve in prison the interval between the date of his declared delinquency and the maximum of his sentence. As a matter of fact, he was committed on December 12, 1926, after the enactment of an act to amend the former Prison Law (§ 214) in relation to paroles and commutation, as amended by chapter 736 of the Laws of 1926, which became

effective July 1, 1926, which required that the Board in granting parole shall annex a condition to the effect that if " any such convict shall, during the period between the date of his release " and the date of the expiration of the maximum term for which he was sentenced, be convicted of any felony committed in the interval, he shall in addition to any sentence imposed for such felony be compelled to serve the remainder of the maximum term of his sentence unless sooner released on parole. Relator-appellant appears to rely upon the recent case of *People ex rel. Sormberger* v. *Martin* (266 App. Div. 48). That case has no application here, as Sormberger was sentenced on March 2, 1923, and was paroled under the " old Prison Law " which provided that a parole violator shall serve for such violation the time from his declared delinquency to the date of his maximum sentence. Order of the Special Term dismissing the writ of habeas corpus affirmed, without costs. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur.