THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT ERHARDT, Relator, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

Supreme Court, Wayne County, January 9, 1945.

*Herbert Erhardt,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.,* of counsel), for defendant.

GILBERT, J. The above proceeding was instituted by the relator in the nature of a petition " For Order to Show Cause ". Its object was to secure the release of the relator from Auburn State Prison. The proceeding was submitted to the undersigned at the Lyons Special Term on December 2, 1944, but, by reason of the rather novel question involved, on this court's order the matter was adjourned for further hearing at the Cayuga County Special Term in Auburn, held by the undersigned on December 30, 1944, and this court issued a writ of habeas corpus to bring the relator before the court at the Auburn Term.

The facts are little, if at all, in dispute and are briefly as follows: On March 10, 1930, the relator was sentenced by the Broome County Court to a definite term of ten years in State prison upon his plea of guilty to the crime of grand larceny, second degree, while armed with a pistol. On February 1, 1935, the relator having in the meantime earned, by commutation and compensation and by jail time with which he was credited, a sufficient period of time to warrant the same, the relator was released from prison by a reduction of sentence granted by the Governor and conditioned upon certain conditions, only two of

which are material to this decision: first, that he should be subject to the jurisdiction and control of the Board of Parole as provided in article 8 of the Correction Law, and second, that " if during the period between the date of his release by reason of such reduction and date of the expiration of the full term for which he was sentenced " he should commit a felony and be convicted thereof at any time, he should be compelled to serve in a State prison the remainder of the term hereby reduced which he would have been compelled to serve but for said commutation. On the date of his release, February 1, 1935, he signed a so-called parole agreement which contained seven provisions, none of which could be held to conflict with the conditions contained in the Governor's commutation, and the seventh of which said conditions contained the provision regarding the commission of a felony with the pertinent part in the same language as used in the Governor's commutation.

On December 3, 1936, after having served approximately twenty-two months on parole, the relator was listed as delinquent by the Parole Board and a parole warrant issued for the arrest of the relator but was not executed as the relator could not be found. On December 2, 1940, the relator was sentenced by the Bradford County Court of Pennsylvania for a felony committed in October or November of 1940, to a term of not less than two nor more than five years in the Eastern Penitentiary at Philadelphia, and was released from the penitentiary in October, 1942, and taken back to New York State and confined at Sing Sing Prison, and later transferred to Auburn Prison where he is now confined.

On the hearing in this proceeding, and in answer to the direct question of this court as to whether the relator was being held for the infraction of the Parole Board regulations on which he had been declared delinquent on December 3, 1936, or whether he was being held as an alleged violator of the felony condition contained in the Governor's commutation, the court was specifically informed by the Assistant Attorney-General that relator was being confined because of his commission of the felony in Pennsylvania, and was being held until he had served the unexpired part of his 1930 sentence remaining at the time the Governor commuted that sentence.

The issue is thus simply confined to the question of whether or not the relator did commit a felony within the prohibited period fixed by the Governor's commutation and adopted by the seventh provision of the parole agreement.

When the relator was sentenced in 1930 to a ten-year definite term by the Broome County Court, after crediting jail term certified in the commitment, the date on which his maximum term would expire was December 22, 1939, so that when released by reason of the Governor's commutation on February 1, 1935, there still remained four years, ten months and twenty-one days before the expiration of the full term for which he was sentenced.

The relator contends that that is the date fixed by the terms of the commutation prior to which the commission of a felony by the relator would result in the forfeiture of the entire balance of his commuted time.

The defendant contends that when the relator was declared delinquent by the Parole Board on December 3, 1936, the service of his parole was tolled until such time as relator was apprehended and brought before the Parole Board for discipline.

With this contention of the defendant this court is in full accord so far as the infraction of the parole rules is concerned. In other words, the authorities are many which hold that a prisoner on parole may not violate the rules of his parole and remain hidden until the expiration of the period of parole and thus escape his punishment. That is also only common sense. Furthermore, had the relator committed a felony prior to December 22, 1939, the date of the expiration of the full term for which he was sentenced in 1930, there can be no question but that no matter how long the relator might have evaded apprehension, he was still liable for the forfeiture of the unexpired portion of his commuted term.

The defendant would read into the condition imposed by the Governor the provision that the relator must actually have served, either outside on parole or inside by reason of an infraction of the terms of his parole, the full period of four years, ten months and twenty-one days before he was released from the felony provision contained in the Governor's commutation and that, therefore, by reason of the declaration of delinquency in December of 1936 and the failure to apprehend the relator until 1942, the relator's term was tolled in the meantime not only as to the actual infraction for which delinquency had been declared but for all purposes including the felony in question.

This court cannot agree with the interpretation put on the condition of the Governor's commutation by the respondent. If the Governor, when he directed the release of the relator, had meant that the relator must serve his entire term either outside on parole or inside by reason of an infraction of that parole,

the condition contained on the commutation sheet would not be worded as it is worded. If the Governor's commutation read that " if any convict whose sentence is so reduced shall between the period of the date of his release by reason of such reduction and the expiration of the full term for which he was sentenced " commit a felony, then the wording would support the interpretation for which the respondent contends and would indicate that the full term must be served either on parole or otherwise. The words " the date of the expiration of the full term " clearly indicate a fixed time, namely December 22, 1939. The commutation was granted to take effect on a certain date and the date of the expiration of the full term for which relator was sentenced was at that time a certain fixed date. The defendant cites *Matter of Magistro* v. *Wilson* (253 App. Div. 48) as authority for his position. It will be noticed that in the last paragraph of the opinion in that case the court expressly withheld passing upon the proposition here involved and which was apparently also raised in that case.

This court has been unable to find a cited case where this particular question has been passed upon and is left for its decision to an interpretation of the exact wording used and what seems to the court to be the proper meaning of those words.

This court therefore finds that the State authorities could have retaken the relator, upon his release from the Pennsylvania prison, for the delinquency of December 3, 1936, and, after a hearing before the Board at which the relator had an opportunity to appear, could have imposed such penalty up to the service of the balance of time then owing by relator on his 1930 sentence as the Parole Board saw fit to impose, but, having apparently waived that procedure, the State authorities or the Parole Board had no authority to retake and imprison the relator for a felony committed in Pennsylvania subsequent to December 22, 1939, by virtue of an alleged violation of the felony condition contained in the Governor's commutation of relator's sentence on December 28, 1934, as December 22, 1939, was the " date of the expiration of the full term for which he was sentenced."

The relator should be discharged from custody.