In the Matter of WILLIAM RAZUKAS, Petitioner, against NEW YORK STATE DEPARTMENT OF CORRECTION et al., Respondents.

Supreme Court, Special Term, Wayne County, October 20, 1945.

430

*William Razukas*, petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.*, of counsel), for respondents.

GILBERT, J.   Petitioner was convicted of a felony on November 2, 1928, in Queens County Court and sentenced to a definite

term of ten years. He was received in State prison on November 5, 1928, and with a credit of fifteen days' jail time, his term would expire on October 19, 1938. On August 8, 1934, the petitioner was paroled pursuant to the terms of a conditional commutation of sentence granted by the Governor of the State of New York, the pertinent conditions of which are hereinafter outlined. While on parole petitioner was declared delinquent as of September 11, 1934, at which time the unexpired original sentence amounted to four years, one month and eight days. Petitioner was reparoled on December 2, 1935, at which time he owed three years, one month and seven days. On October 21, 1938, petitioner committed a felony; on February 10, 1939, he was sentenced on his conviction therefor to a term of from ten to twenty years and was returned to prison on February 27, 1939. The petitioner was thereafter notified that he must serve the balance of the maximum original sentence, as of the time of reparole, of three years, one month and seven days, before starting service of the new sentence.

Petitioner asserts that he is entitled to parole at the present time and has brought this proceeding to compel the Prison Board to submit his name to the Governor as one eligible for release on parole. Respondents contend that petitioner is not entitled to the relief prayed for and that he will not be eligible for release on parole until October 22, 1948.

The conditional commutation of sentence given by the Governor provided that " if  *  *  *  during the period between the date of his release by reason of such reduction and the date of the expiration of the full term for which he was sentenced, (he) be convicted within this state of any felony committed in the interval aforesaid ", he should be compelled to serve in State prison the remainder of the term reduced without commutation or compensation which he would have been compelled to serve but for said reduction. As was held by this court in *People ex rel. Erhardt* v. *Foster* (184 Misc. 117), the words " the date of the expiration of the full term " clearly indicate a fixed time. (See, also, *People ex rel. Brackett* v. *Kaiser,* 209 App. Div. 722.) In the present case " the date of the expiration of the full term ", as contemplated by the Governor, was October 19, 1938, which was the date of the expiration of the original ten-year " straight " sentence. The fact, therefore, that petitioner committed a felony on October 21, 1938, would not subject him to imprisonment by reason of a breach of the felony condition contained in the Governor's commutation of sentence.

Unlike the *Erhardt* case (*supra*), however, it does not here appear that the Parole Board relied upon the felony condition of the Governor's conditional commutation of sentence for authority to hold the petitioner. Neither does it appear that any delinquency date was set upon the commission of the felony nor that any hearing was had in which the relator was represented before the board, as provided in section 218 of the Correction Law, or that petitioner was apprehended by reason of section 696 of the Code of Criminal Procedure. Respondents' answer merely states that " because of the felony for which he was convicted, it was determined that he must serve the balance of the maximum as it was at the time of his re-parole."

The authority of the Parole Board to make such a determination must be derived first from the authority granted it under the Governor's conditional commutation of sentence. (*People ex rel. Marks* v. *Brophy*, 293 N. Y. 469.) This commutation provides as a condition that the petitioner should be subject to the jurisdiction and control of the Board of Parole as provided in article 8 of the Correction Law. The Parole Board could not annex any conditions to a parole agreement which would exceed such authority. (*People ex rel. Ingenito* v. *Warden, etc., Auburn Prison*, 267 App. Div. 295, affd. 293 N. Y. 803.)

It not appearing that petitioner was declared delinquent or dealt with as provided in section 218 of the Correction Law, it is necessary to look to other provisions of article 8 for such authority. Section 219 of the Correction Law provides that " If any prisoner be convicted in this state of a felony committed while on parole * * * he shall * * * be compelled to serve * * * the portion remaining of the maximum term of the sentence on which he was released on parole from the time of such release on parole to the expiration of such maximum." A reading of the statute might raise the question as to whether the Legislature meant that the felony be committed on parole and thereafter a conviction had, or whether the conviction itself must be had within the parole period. In either event the mandate of the statute cannot affect the condition of the commutation. The Governor's power is derived from the Constitution (N. Y. Const. art. IV, § 4). (*People ex rel. Page* v. *Brophy*, 248 App. Div. 309, appeal dismissed 277 N. Y. 673.) The Governor's conditional commutation placed the petitioner under the jurisdiction of the Parole Board which allowed the maximum term to lapse without action. If it be contended that the Parole Board had no need to act

but that section 219 of the Correction Law was a statutory mandate within the terms of which mandate the petitioner became liable for further service, it need only be said that such statutory mandate was in direct opposition to the clear felony condition of the commutation, the provision of which has been hereinbefore quoted and interpreted. It cannot be successfully contended that the Legislature or Parole Board could enlarge or diminish the conditions imposed by the Governor under his constitutional power of discretion.

The imposition of the additional time of three years, one month and seven days, claimed as owing upon the first sentence, is without authority in law. However, the petitioner is now serving a second sentence for a felony conviction under an indeterminate sentence and subject to the control of the Parole Board. So long as the Parole Board violates no positive statutory duty its discretion is absolute and beyond review in the courts. (*Matter of Hines* v. *State Board of Parole,* 293 N. Y. 254.) Further than this the courts have no power to mandamus a board of parole into releasing a prisoner on parole or of certifying his name to the Governor as one eligible for parole. (*Matter of Hines* v. *State Board of Parole, supra.*) Section 214 of the Correction Law provides that the release of a prisoner on parole shall be solely upon the initiative of the Board of Parole.

The Parole Board is not a party to this proceeding. What action, if any, that board may take as a result of this decision is a matter over which this court has no control.

The Prison Board is a party to this proceeding and that board has the duty of crediting the time earned by prisoners for good behavior and efficient service. What the petitioner's situation may be in that respect is not before the court. In view of this decision, that board should take such action as the facts warrant.

An order may be entered that the additional time of three years, one month and seven days, claimed as owing upon the first sentence, is without authority in law, and directing the respondent Prison Board to take such action as the facts warrant.