THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT ERHARDT, Respondent, against JOHN F. FOSTER, as Warden of Auburn State Prison, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, January 18, 1946.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; P. H. Clune, Ruth Kessler Toch* and *William S. Elder, Jr., Assistant Attorneys-General* of counsel), for appellant.

*J. R. Hoover* for relator-respondent.

LARKIN, J. This proceeding originally instituted by an order to show cause returnable at the Wayne Special Term on December 2, 1944, directing the Warden of Auburn State Prison to show cause why petitioner should not be discharged from custody was treated as a habeas corpus and ended in a final order dated January 9, 1945, discharging the petitioner from custody. From that order the People of the State of New York took this appeal.

On March 10, 1930, the petitioner Erhardt was sentenced by the Broome County Court to a definite sentence, ten years imprisonment, in Auburn State Prison upon his plea of guilty to the crime of grand larceny, second degree, while armed. Through crediting his commitment with time spent in jail, his prison term under the sentence would have expired December 22, 1939. Upon recommendation of the Auburn Prison Board of Parole December 28, 1934, the Governor on January 31, 1935, commuted Erhardt's sentence. He was one of twenty-eight prisoners whose sentences were similarly commuted on the same commutation sheet. This commutation required relator, among other conditions imposed, to remain subject to the Board of Parole as provided by article 8 of the Correction Law. It also contained the usual felony provision that if during the period between the *date* of his release by reason of the Governor's reduction of his sentence and the *date* of the expiration of the full term for which he was sentenced, he committed a felony within this State, or a crime under the laws of any other State which if committed here would be a felony, and thereafter should be convicted of such crime, he should, in addition to the sentence which might be imposed on account of the subsequent felony conviction, be compelled to serve in a State prison the remainder of the term, without commutation or compensation, which he would have been compelled to serve but for such commutation. On February 1, 1935, Erhardt was released from prison after signing the usual parole agreement by which he remained under the jurisdiction of the Board of Parole until December 22, 1939 (Correction Law, § 215). On December 3, 1936, after having been approximately twenty-two months on parole, relator was reported to the Board of Parole by one of its agents as delin-

quent. Subsequently in that month the Parole Board declared him delinquent as of December 3, 1936. On January 5, 1937, the board's warrant was issued for his apprehension and return to prison. Although all practical means were taken to apprehend him, the law was unable to " catch up " with Erhardt until the month of December, 1940, when the Division of Parole was informed by the District Attorney of Bradford County, Pennsylvania, that Erhardt had pleaded guilty in the Bradford County Court on November 30, 1940, to the crime of abortion, committed in that county in October, 1940, and had been sentenced to the Eastern Penitentiary at Philadelphia, Pennsylvania, for a term of not less than two nor more than five years. On his release from imprisonment on the Pennsylvania felony conviction, Erhardt was brought back to Sing Sing Prison on a warrant of the Parole Board. From there he was transferred to Auburn State Prison. Apparently the Parole Board required him to serve the entire maximum of his original sentence imposed by the Broome County Court March 10, 1930, which at the time of his release on parole, February 1, 1935, was four years, ten months and twenty-one days. The unexpired sentence runs from October 20, 1942, the date of his return to Sing Sing Prison. The Parole Board determined that the crime of abortion, to which he had pleaded guilty, committed by him in Pennsylvania in October, 1940, a felony in Pennsylvania, would have been a felony had he committed the same within the State of New York, and therefore directed that he be held in prison for the balance of the original sentence owing at the time of his release on parole, February 1, 1935. As the authority for the warden to detain the prisoner, a copy of the original mittimus issued by the Broome County Court March 10, 1930, was annexed. Erhardt, in his petition for the order to show cause, stated that he had been convicted of a felony in Pennsylvania on December 2, 1940, and had received a sentence of two to five years' imprisonment in the Eastern State Penitentiary at Philadelphia. He also annexed a letter written to him by the chief commutation clerk of the Department of Correction dated October 31, 1944, replying to a letter from Erhardt to the Department of Correction in reference to his imprisonment in Auburn Prison. In that letter the chief clerk states that Erhardt was convicted in the State of Pennsylvania of a crime which constituted a felony under the laws of the State of New York so that it was mandatory that Erhardt serve the full maximum sentence imposed by the Broome County Court, March 10, 1930. On the hearing before the Special Term, Erhardt raised no question but that

he had been convicted of a crime in Pennsylvania which if he had committed it in the State of New York would have been a felony, but insisted that since he had earned the compensation and commutation allowed by the Governor, by service of his term of imprisonment within the prison and on parole prior to the time he was declared delinquent, he could not be held on the original sentence. While the question presented is simple, it is not so easy to answer.

Although the Special Term Justice did not adopt the view of the petitioner as to the claimed illegality of his imprisonment under the original Broome County sentence of March 10, 1930, he held that since the felony was committed subsequent to December 22, 1939, the expiration date of the sentence imposed by the Broome County Court, it did not violate the Governor's commutation, rejecting the warden's position that when the relator was declared delinquent in December, 1936, the declaration of delinquency tolled the running of the Broome County Court's sentence. The Special Term's conclusion was that while the Parole Board, when Erhardt was returned to prison in October, 1942, could have proceeded under section 218 of the Correction Law, and after a hearing at which the relator had an opportunity to appear, imposed any penalty up to the balance of time which the relator then owed on his sentence of March 10, 1930, which the Parole Board might determine to impose, since the Parole Board did not adopt the procedure under section 218 of the Correction Law but apparently directed him to be held for a violation of the felony condition of the Governor's commutation, Erhardt was entitled to his release and it was so ordered.

We are unable to agree with the Special Term's conclusion. When in December, 1936, Erhardt was declared delinquent, he did not during the period following his delinquency up to his return October 20, 1942, serve, either in or out of prison, any part of the sentence imposed upon him by the Broome County Court. Erhardt's status, after he was declared delinquent, was that of an escaped convict. (*People ex rel. Dote* v. *Martin,* 294 N. Y. 330.) Had the Parole Board been able to apprehend him at the time it issued its warrant, January 5, 1937, it could, after a hearing, have found that he had violated his probation and required him to serve the balance of the sentence from the date of his delinquency, December 3, 1936, to December 22, 1939. Erhardt did not better his position by hiding away successfully from the Parole Board. Concededly, had he committed the abortion in Pennsylvania in October, 1939, and there-

after had been duly convicted of it, after he had atoned in Pennsylvania, he could have been returned to New York, and have been required under the terms of the commutation to serve out the entire balance of his original sentence owing at the time of his release February 1, 1935. From the declared date of delinquency, although outside the prison, Erhardt, as an escaped parolee, should not be held to have been serving his original sentence. The mere fact, then, that he was successful in evading arrest, under the Parole Board's warrant, until after December 22, 1939, did not free him from the penalty which followed from a violation of the felony condition of the commutation. The Pennsylvania felony was committed before the actual expiration of the Broome County sentence, of March 10, 1930. We therefore reach the conclusion that, since the crime for which he was convicted in Pennsylvania would have been a felony had it been committed in the State of New York, despite the fact that the Pennsylvania crime was committed after the theoretical expiration date of the Broome County sentence, still, from the time his delinquency was declared in December, 1936, relator's status was just the same as if he had served in prison up to February 1, 1935, under his original sentence, and then escaped therefrom. He was properly held, on his transfer to Auburn Prison from Sing Sing in October, 1942, to serve the entire maximum of the Broome County sentence owing on the date of his release on parole, February 1, 1935. While not directly in point the following decisions support this conclusion: (*People ex rel. Patterson* v. *Bockel,* 270 N. Y. 76, 78–79; *People ex rel. La Placa* v. *Heacox,* 238 App. Div. 217, 219; *Matter of Magistro* v. *Wilson,* 253 App. Div. 48, 50; *People ex rel. Dayes* v. *Morhous,* 267 App. Div. 851; *People ex rel. Galante* v. *Jackson,* 268 App. Div. 940).

In reaching the foregoing conclusion we have ignored any procedural question which might arise because the return fails to show any action by the Board of Parole as would seem to be required by section 696 of the Code of Criminal Procedure. Neither does the return specifically allege that the crime for which he was convicted in Pennsylvania would have been a felony had Erhardt committed the same crime in New York State. (Cf. *People ex rel. Atkins* v. *Jennings,* 248 N. Y. 46, 53.) We do not deem that question to be present in view of the allegations in Erhardt's petition. Indeed it is fair to assume that the fact was conceded by him. The reason is apparent when the records of the Parole Board are examined. Abortion is a felony in this State (Penal Law, § 80). The crime for which he was

convicted in Pennsylvania was an abortion committed in October, 1940. It is made a felony by statute in both States. Under such circumstances there was really no question of fact to be determined. (*People ex rel. Atkins* v. *Jennings, supra; People ex rel. Rothermel* v. *Murphy,* 274 N. Y. 281.)

The order of the Special Term should therefore be reversed, and the petition dismissed.

All concur. Present — TAYLOR, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Order reversed on the law, without costs of this appeal to any party, motion denied, petition dismissed and petitioner remanded to the custody of the Warden of Auburn State Prison.