UNITED STATES ex rel. KELLY v. MARTIN, Warden of Attica State Prison.

Civ. No. 5238.

United States District Court, W. D. of New York.

June 4, 1952.

Relator pro se.

Nathaniel L. Goldstein, Atty. Gen. (Frederick T. Devlin, Asst. Atty. Gen., of counsel), for respondent.

BURKE, District Judge.

Relator is held in custody in Attica State Prison under a sentence imposed pursuant to a conviction for the crime of murder, second degree, in the Steuben County Supreme Court on April 19, 1920. He was sentenced to serve a prison term of twenty years to life. He was paroled in 1943 and returned to prison as a parole violator September 7, 1948. He claims that his convic-

tion as a parole violator is in violation of his constitutional rights.

His first claim is that he was illegally held to be a parole violator because he was not convicted of a felony while on parole. His contention in this respect, as supplemented by correspondence with the Court subsequent to the filing of the petition is, that under the old Prison Law in effect at the time when he was sentenced, a felony conviction while on parole would have been the only possible violation of his parole, and since he was not convicted of a felony while on parole, he could not legally have been held to be a parole violator. The basis for his contention he does not make clear.

Possibly he has in mind the provisions of Section 243 of the old Prison Law effective when he was sentenced, relating to the conditions to be annexed by the governor in reducing the sentence of convicts not subject to the jurisdiction of the board of parole. Under that section it was provided that "The governor shall, in reducing the sentences of convicts not subject to the jurisdiction of the board of parole, annex a condition to the effect that if any such convict shall, during the period between the date of his discharge by reason thereof and the date of the expiration of the full term for which he was sentenced, be convicted of any felony, committed in the interval as aforesaid, he shall, in addition to the sentence which may be imposed for such felony and before beginning the service of such sentence be compelled to serve in the prison or penitentiary in which he may be confined for the felony for which he is so convicted, the remainder of the term without commutation which he would have been compelled to serve but for the commutation of his sentence as provided for in this article; but he may, however, earn compensation in reduction of the remainder of such term". Laws 1916, c. 358, § 12. Manifestly that section has no application because the term of relator's sentence was not reduced by the governor.

Under Section 214 of the old Prison Law, Laws 1919, c. 198, § 1, in effect when he was sentenced in 1920 and effective un-

674

til repealed in 1928, a prisoner held under an indeterminate sentence was subject to the action of the board of parole. See People ex rel. Atkins v. Jennings, 248 N.Y. 46, 161 N.E. 326. Section 215 of the old Prison Law provided that if the board of parole "shall have reasonable cause to believe that the prisoner so on parole has violated his parole and has lapsed or is probably about to lapse into criminal ways or company," the prisoner may be retaken. Laws 1902, c. 500, § 3. Thus the question whether a prisoner's parole should be revoked as one within the discretion of the board of parole.

Section 218 of the Correction Law which superseded the old Prison Law provides, "Whenever there is reasonable cause to believe a prisoner who has been paroled has violated his parole, the board of parole at its next meeting shall declare such prisoner to be delinquent and time owed shall date from said delinquency. * * * The board of parole shall within a reasonable time act upon such charges, and may, if it sees fit, require such prisoner to serve out in prison the balance of the maximum term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine, or impose such punishment as it deems proper, subject to the provisions of the next section".

Section 219 of the Correction Law related to a felony committed while on parole and has no application. Thus, both under the old Prison Law and under the Correction Law which superseded it, a paroled prisoner who violated his parole was subject to the action of the parole board. There is no basis in law or in reason for relator's contention that the conviction of a felony while on parole was the only possible violation of parole. But even if, after the relator was sentenced, the law had been changed regarding conditions of parole, the law embracing such changes would not be ex post facto. People ex rel. Kurzynski v. Hunt, 250 App.Div. 378, 294 N.Y.S. 276.

His second contention is that he did not have a jury trial on the question of violation of his parole. This he claims he was entitled to, because it was provided in the old Prison Law in effect when he was sentenced. The law in effect at the time of a parole violator's return to prison is controlling in determining procedure by which he could be remanded and confined to serve the unexpired portion of his sentence, rather than statutes in force at the time of the original sentence. People ex rel. Kurzynski v. Hunt, supra. When he was released on parole in 1943, and when he was returned as a parole violator in 1948, there was no requirement for the determination by a jury of violation of parole. Code of Criminal Procedure, Section 696 as amended, effective July 1, 1930; Correction Law, Section 218 as amended, effective March 28, 1932.

The writ is vacated. The relator is remanded to the custody of the Warden.

It is hereby so ordered.